## Nuttall v. Knapp

*William C. Roeger,* for plaintiff.
*John J. Connors,* for defendant Knapp.
*William B. Moyer,* for defendant Guglielmi.

BORTNER, *J.*, November 2, 1983 — Defendant Robert Guglielmi petitions this court to order plaintiff to accept $8,102.63 from defendant and mark the matter ended as to him. For the reasons set forth below, we deny the petition.

Verdict was entered against Guglielmi and his co-defendant, Ronald Knapp, in the amount of $75,000. Because the jury attributed 75 percent of the liability to Knapp and 10 percent to Guglielmi (plaintiff was found 15 percent negligent), we issued an order dated March 25, 1983, apportioning the verdict as follows: Knapp — $74,300.62; Guglielmi — $8,102.63.[1]

The record reveals that on August 17, 1978, plaintiff was a passenger in an automobile operated by Knapp. Knapp lost control of the automobile and struck a pole. Plaintiff was thrown from Knapp's automobile into the roadway. There, already injured, she was struck and dragged some 75 feet by an automobile driven by Guglielmi.

At trial, the jury was given special interrogatories which requested the jury to find whether each defendant was liable for all[2] plaintiff's injuries or for only specific injuries. The jury found that "Knapp's negligence was a substantial factor in bringing about all of the injuries to plaintiff" and that "Guglielmi's negligence was a substantial factor in bringing about [only] the general abrasions and contusions to plaintiff." Special Interrogatories to Jury, 1(a), 2(b).

----

1. The total exceeded $75,000 as a result of the addition of delay damages under Pa.R.C.P. 238.

2. The separate injuries were listed as facial injuries, anal injuries, back injuries, ankle injuries, buttocks scar injuries, psychological injuries and general abrasions and contusions.

According to Guglielmi, the jury's responses to the special interrogatories show he and Knapp were not "joint tortfeasors," and, therefore, he should not be available to the plaintiff for the full amount of the judgment under the Pennsylvania Comparative Negligence Act.

This Act, 42 Pa.C.S. §7102, was intended to modify the pro rata right of contribution among joint tortfeasors under the Uniform Contribution Among Tortfeasors Act, and provides in pertinent part:

"(b) Recovery against joint defendant; contribution — where recovery is allowed against more than one defendant, each defendant shall be liable for that proportion of the total dollar amount awarded as damages in the ratio of the amount of his causal negligence to the amount of causal negligence attributed to all defendants against whom recovery is allowed. Plaintiff may recover the full amount of the allowed recovery from any defendant against whom the plaintiff is not barred from recovery. Any defendant who is so compelled to pay more than his percentage share may seek contribution."

The Uniform Contribution Among Tortfeasors Act defines a joint tortfeasor:

"As used in this subchapter 'joint tortfeasors' means two or more persons jointly or severally liable in tort for the same injury to persons or property, whether or not judgment has been recovered against all or some of them." 42 Pa.C.S. §8322.

Further,

"In Black's Law Dictionary, to be a joint tortfeasor, 'the parties must either act together in committing the wrong, or their acts, if independent of each other, must unite in causing a single injury.' 4th Ed. (1968) p. 1661."

Lasprogata v. Qualls, 263 Pa. Super. 174, 397 A.2d 803 (1979).

Guglielmi takes no issue with the jury's finding that both his and Knapp's negligence caused a single injury, plaintiff's abrasions and contusions. Rather, he urges that since the jury was able to allocate the negligence of the two tortfeasors and apportion damages among them, they are, despite this single injury, not "joint defendants" under 42 Pa.C.S. §7102.

Guglielmi cites three cases in support of this argument, all decided under the law as it existed prior to enactment of the Comparative Negligence Act. Those cases determined that co-defendants could not be held "jointly liable" for the same injury (which "joint liability" would normally be shared on a pro rata basis) where their individual negligence was capable of apportionment. Shamey v. St. Farm Mut. Auto. I. Co., 229 Pa. Super. 215, 331 A.2d 498 (1979). (Even though two auto accidents which contributed to plaintiff's injuries occurred almost at the same time, co-defendants would be held responsible only for that portion of the injury caused by each); Lasprogata, supra, (the original tortfeasor and subsequent negligent doctor did not "jointly" cause the injury because their injuries were separate in time. Therefore, the damages should be apportioned accordingly); Embrey v. Borough of West Mifflin, 257 Pa. Super. 168, 390 A.2d 765 (1978), (apportionment of responsibility between the auto accident and medical defendants was permitted, rather than finding them jointly liable (50 percent each) for the entire injury).

We do not quibble with Guglielmi that to the extent each tortfeasor's negligence for the same injury can be separated from his co-defendant's negligence, his ultimate liability for damages should be

so limited. The jury in this case could not have followed this principal more closely. It determined each defendant's proportionate liability for the total damages according to his own negligence.

This allocation of liability, however, does not affect plaintiff's right of *recovery* under the Pennsylvania Comparative Negligence Act, which provides that plaintiff may recover the full amount of the judgment from any co-defendant whose negligence contributed to a single injury. Of course, that defendant may seek indemnity from his co-defendant for that portion of the injuries his negligence did not cause. Thus, and consistent with Shamey, Embrey and Lasprogata, he will not be liable for that portion of the injuries not attributed to his negligence.

The jury in this case decided that the co-defendants caused a single injury: abrasions and contusions. Because plaintiff suffered this single injury at the hands of both Knapp and Guglielmi, they are joint tortfeasors. Therefore, under the act, plaintiff can collect the full amount of the verdict from Guglielmi, who can then attempt to recover $74,300.67 from Knapp.[3]

---

3. Although petitioner does not expressly say so in his brief, he is apparently of the belief that the "same injury" he and Knapp share, the abrasions and contusions, was such a minor part of plaintiff's overall injuries that it is unfair to permit plaintiff to collect the full verdict from him. Whether or not that injury was minor (which the jury did not decide), the legislature has already taken this sort of "unfair" result into account in enacting section 2701(b). It determined that even though the burden of the entire injury could fall on the co-defendant not fully responsible if the other co-defendant is insolvent, this "secondary loss" is better born by the defendant than the injured plaintiff. A Griffith, M. Hensley, C. Burr, Contribution, Indemnity, Settlements and Releases: What the Pennsylvania Comparative Negligence Statute Did Not Say, 24 Vill. L.R. 494, 504-505 (1978-79).

Accordingly, we make the following

ORDER

And now, this November 2, 1983, defendant's petition is denied and dismissed.