**TVSM, INC.**

v.

**ALEXANDER & ALEXANDER, INC., Defendant and Third-Party Plaintiff,**

and

**Wausau Underwriters Insurance Company, Defendant,**

and

**Showtime Entertainment, Third-Party Defendant.**

**Civ. A. No. 82–5831.**

United States District Court, E.D. Pennsylvania.

April 24, 1984.

Sandra A. Girifalco, Philadelphia, Pa., for third-party plaintiff Alexander & Alexander.

Joseph F. Van Horn, Jr., Philadelphia, Pa., for defendant.

## OPINION

JOSEPH S. LORD, III, Senior District Judge.

Plaintiff's business prepares program guides for cable television companies throughout the United States. Third party defendant Showtime Entertainment sells shows for transmission on cable television. Showtime provides plaintiff with schedules which TVSM compiles, prints and distributes in its program guides. On July 27, 1982, TVSM published and distributed inaccurate program guides. In all of the guides, according to the complaint, the listings for Showtime Entertainment programming was in error by one hour. The complaint alleges that TVSM incurred increased expenses to notify recipients of the program guides of the inaccuracy of the

guide and to distribute corrected program guides.

The complaint alleges further that TVSM advised defendant Alexander & Alexander, plaintiff's insurance broker, of the loss. Alexander & Alexander (A & A) advised TVSM, according to the complaint, that a policy obtained through A & A and written by defendant Wausau Underwriters Insurance Company covered the claim. Wausau allegedly agreed that the policy provided coverage for the claim. However, it subsequently refused to pay TVSM for the increased expenses plaintiff had incurred.

Plaintiff's complaint comprises three counts. Count I alleges that the Wausau policy covers plaintiff's claim and that Wausau's refusal to pay has been in bad faith.

Count II alleges that TVSM and Wausau intended that the Wausau policy provide coverage for claims such as this and demands that, in the event that the policy does not cover this claim, the court reform the contract to include this claim.

Count III alleges, in the alternative, that if the Wausau policy is not deemed to provide coverage for this claim and if the court refuses to reform the contract between plaintiff and Wausau, A & A, as agent of TVSM for the purpose of acquiring insurance coverage, negligently breached its duties and obligations to TVSM.

Defendant A & A filed a third-party complaint against Showtime Entertainment (Showtime), alleging that Showtime promotes its business by providing monthly program guide production kits to publishers of cable television program guides such as TVSM. It further alleges, that on June 17, 1982, Showtime sent to TVSM its August 1982 program guide production kit containing inaccurate times for its program listings. The third-party complaint further alleges that if TVSM incurred damages, as alleged in its complaint, the damages were caused by the negligence of Showtime. The complaint demands judgment against the third-party defendant, Showtime, for all sums that may be adjudged against defendant A & A.

Third-party defendant Showtime has moved for judgment on the pleadings and for dismissal of Showtime as a third-party defendant in this action. Under Federal Rule of Civil Procedure 14(a) a defendant, as a third-party plaintiff, may bring in a person not a party to the action "who is or may be liable" to the defendant for all or part of the plaintiff's claim against defendant. Because there is no set of facts and no theory under which third-party defendant Showtime may be liable to third-party plaintiff A & A, I will grant Showtime's motion.

I have diversity jurisdiction over this case. Therefore, Pennsylvania law provides the answer to the question whether the third-party defendant "may be liable" to the third-party plaintiff. Federal Rule of Civil Procedure 14(a) provides merely a procedural means of adding a third-party defendant; it provides no substantive rights. Under Pennsylvania law, the only means by which Showtime may be liable to third-party plaintiff A & A are indemnity, contribution, and subrogation.

### I. Indemnity

Indemnity shifts the entire loss from one defendant to another. *Burch v. Sears,* —— Pa.Super. ——, 467 A.2d 615, 622 (1983). In Pennsylvania, indemnity is available only from those who are primarily liable to those who are merely secondarily or vicariously liable. *Id.* "To evaluate primary as against secondary liability courts have focused on factors such as active or passive negligence and knowledge of or opportunity to discover or prevent the harm." *Id.* The Pennsylvania Supreme Court has described indemnity as follows:

> It is a right which enures to a person who, without active fault on his own part, has been compelled, by reason of some legal obligation, to pay damages occasioned by the initial negligence of another, and for which he himself is only secondarily liable.

*Builders Supply Co. v. McCabe,* 366 Pa. 322, 325, 77 A.2d 368 (1951). In the

present case, plaintiff's complaint cannot be construed to allege secondary negligence on the part of A & A and primary negligence on the part of Showtime. Furthermore, there is no contractual relationship or other "legal relationship" alleged between A & A and Showtime. If the jury finds against defendant A & A, it will do so based on the theory that A & A was negligent in obtaining the Wausau insurance policy for the plaintiff. This negligence, if found by the jury, would be active fault on the part of the defendant A & A, and A & A could not shift its loss to Showtime because there is no secondary relationship between A & A and Showtime.

## II. Contribution

■■■ A right to contribution in Pennsylvania arises only among joint tortfeasors. *Lasprogata v. Qualls*, 263 Pa.Super. 174, 178 n. 2, 397 A.2d 803, 805 n. 2 (1979). *See also Tesch v. United States*, 546 F.Supp. 526 (1982). 42 Pa.Cons.Stat. Ann. § 8322 defines joint tortfeasors as "two or more persons jointly or severally liable in tort for the same injury to persons or property, whether or not judgment has been recovered against all or some of them." According to *Lasprogata*, in order for the parties to be joint tortfeasors " 'the parties must either act together in committing the wrong, or their acts, if independent of each other, must unite in causing a single injury.' " *Id.* 263 Pa.Super. at 179 n. 4, 397 A.2d 803, *quoting* Black's Law Dictionary, 1661 (4th ed. 1968). If the acts of the parties are severable as to time, and neither has the opportunity to guard against the other's acts, and each breaches a different duty owed to the injured plaintiff, the parties cannot be considered joint tortfeasors. *Id.* at 179, 397 A.2d at 805. Clearly, A & A and Showtime could not be found to be joint tortfeasors. Their alleged acts of negligence are totally separate acts that not only were severable as to time, but also breached different duties owed to plaintiff.

## III. Subrogation

■■■ Third-party plaintiff A & A's last argument is that if A & A is liable to TVSM, it will be liable "to the same extent as an insurer would have been liable had the insurance been properly effected." According to the argument, if Wausau were to pay the claim, Wausau would be subrogated to the rights of the insured to collect from Showtime. Thus, because A & A will be liable to the extent that Wausau would have been liable, A & A argues that it too can be subrogated to the insured's right of action against Showtime. This theory has two defects. First, a right of subrogation is a contractual right between the insurer and the insured. A & A makes no claim that it had a contract with the plaintiff that would grant A & A a right to subrogation. Secondly, if A & A is found liable, the liability will be based on A & A's negligence in not acquiring the proper policy. Therefore, A & A will not be entitled to subrogation as an equitable right because A & A cannot be in the same position as an insurer who is liable for a claim through no fault of its own.

For the foregoing reasons, I will grant third-party defendant's motion for judgment on the pleadings.