## Rittle v. Wilkes-Barre City

*Gerald P. Deady,* for plaintiff.
*Joseph A. Lach,* for defendant City of Wilkes-Barre.

TOOLE, *J.,* February 7, 1985—This matter comes before the court upon motion of the City of Wilkes-Barre (city) for summary judgment. Briefs in opposition to the motion have been filed by plaintiff Eugene Rittel (Rittel) and defendant Wilkes-Barre Mercy Hospital (hospital).[*]

This action was initiated by writ of summons requested and issued on December 23, 1983. A two-count complaint was filed pursuant to a rule on March 8, 1984. In the first count, Rittel seeks to re-

_____

[*] The record reflects that Joseph A. Quinn, Jr., Esq., of Hourigan, Kluger, Spohrer and Quinn, P.C., entered an appearance on behalf of Dr. S. I. Imperiale. No brief was filed by Dr. Imperiale in opposition to the motion.

cover against the city for personal injuries sustained when he slipped on ice while attempting to cross Bradford Street in the City of Wilkes-Barre. In addition, Rittel also claims damages from the city for injuries sustained by him as a result of alleged malpractice of defendants hospital and Dr. S. I. Imperiale (doctor), who treated him for the injuries he originally sustained. Count two of the complaint claims damages from the hospital and the doctor for the injuries sustained as a result of the alleged malpractice.

Each of defendants filed an answer and new matter denying the allegations of negligence and raising the statute of limitations as an affirmative defense. The hospital also seeks contribution and/or indemnity from the city and the doctor.

The depositions of Rittel and his wife were taken on June 8, 1984 and are of record. On October 23, 1984, the pleadings having been closed, the city moved for summary judgment in its favor and against Rittel and the hospital. The case has been briefed and argued and the matter is now ripe for disposition.

Summary judgment is made available by Pa.R.C.P. 1035 when the pleadings, depositions, answers to interrogatories, admissions on file and supporting affidavits considered together reveal no genuine issue of material fact, and the moving party is entitled to judgment as a matter of law. Thorsen v. Iron and Glass Bank, 328 Pa. Super. 135, 476 A.2d 928, 930 (1984); Husak v. Berkel, Inc., 234 Pa. Super. 452, 341 A.2d 174 (1975). To determine the absence of a genuine issue of material fact, we must review the evidence in a light most favorable to the nonmoving party and any doubts must be resolved against the entry of judgment. Id. In so doing, we accept as true all well-pleaded facts in the appropri-

ate pleadings giving the appropriate parties the benefit of all reasonable inferences to be drawn therefrom. Spain v. Vicente, 315 Pa. Super. 135, 461 A.2d 833 (1983). Summary judgment is appropriate only in those cases which are clear and free from doubt. Id.

In this case, the city contends that it is entitled to judgment against Rittel on the ground that that action is barred by the two-year statute of limitations (42 Pa.C.S. §5524). The city seeks judgment in its favor against the hospital's claim for contribution and/or indemnity on the ground that as a matter of law it is not a "joint tortfeasor," nor is there any factual or legal basis to support a claim of "indemnity."

Viewing the record as we must, it appears that Rittel slipped on ice and sustained a back injury while attempting to cross Bradford Street in the City of Wilkes-Barre at approximately 2:30 p.m. on December 22, 1981. The following day, Rittel was admitted to the hospital and on December 24, 1981, a myelogram was allegedly negligently performed under the direction of the doctor. Rittel had a history of back problems and this was his fourth myelogram. However, unlike prior occasions, a new dye was employed in the administration of the myelogram. As a result of allegedly improper administration of the myelogram, Rittel alleges that he sustained certain injuries and losses for which suit was initiated.

There is no question that the accident that gave rise to any action against the city occurred on December 22, 1981. If the city negligently maintained the street and was responsible for the initial fall and injuries, it would also be liable for the subsequent injuries caused by the malpractice of the doctor and/or hospital. See Restatement (Second) of Torts §457. The mere fact that a subsequent act or acts of negligence may have caused additional injuries for

which the city may be liable does not alter the legal requirement that suit against the city be initiated within the two-year period required for such actions. 42 Pa.C.S. §5524. Accordingly, suit against the city was required to have been filed on or before December 22, 1983. Since suit was not commenced until December 23, 1983, the date the praecipe for writ of summons was filed, the action is one day late and thus barred by the statute of limitations.

We are also satisfied on the basis of the pleadings and depositions that there is no factual or legal basis to warrant or sustain any claim of contribution or indemnification on the part of the hospital. We agree with the city that a tortfeasor originally causing an injury and a physician who subsequently aggravates or causes a new injury are not joint tortfeasors, Lasprogata v. Qualls, 263 Pa. Super. 174, 397 A.2d 803 (1979), and, accordingly, there is no right to contribution under the Uniform Contribution Among Tortfeasors Act which now appears in 42 Pa.C.S. §8324.

We also agree with the city that the hospital's claim for indemnity is without legal basis. Indemnity is only available from those who are primarily liable to those who are merely secondarily or vicariously liable. Burch v. Sears Roebuck & Co., 320 Pa. Super. 444, 467 A.2d 615, 622 (1983). In this case, so far as the city is concerned, the hospital's liability, if any, must be premised upon its own negligence and it is not and cannot be held responsible for the city's negligence which put the chain of events in this case in motion.

Accordingly, the hospital's liability is primary and not secondary or vicarious. As was pointed out in argument, if any right to indemnity exists, it would be the city's right to the same against the hospital and the doctor. See Embrey v. Borough of West Mifflin

et al., 257 Pa. Super. 168, 390 A.2d 765 (1978); Lasprogata, supra, at 178, n. 2, 397 A.2d at 805, n. 2.

Accordingly, we enter the following·

## ORDER

Summary judgment is hereby entered in favor of the City of Wilkes-Barre and against plaintiff Eugene Rittel and defendant Wilkes-Barre Mercy Hospital.