In the Matter of SENECA TRAILS, INC., Debtor.

SENECA TRAILS, INC., Debtor and H. Ray Pope, III, Esq., Trustee, Plaintiff,

v.

William L. SNYDER, Jr., and K. Dean R. Arensdorf d/b/a William Dean Associates, Defendants and Third–Party Plaintiffs,

v.

William BROWN and Beth Brown, his wife, Elmer R. Hallstrom, Sturgeon Engineering, Inc., R. H. Sieminski & Co., Inc., Interstate Amiesite Corporation, James H. Ferg t/d/b/a Hinkel Plumbing and Heating Company, Third–Party Defendants.

Bankruptcy No. 79–00281.
Adv. Proceeding No. 80–0062.

United States Bankruptcy Court, W. D. Pennsylvania.

Nov. 20, 1980.

Lawrence G. McMichael, Philadelphia, Pa., for plaintiff and William Brown and Beth Brown, additional defendants.

Hillard Kreimer, Pittsburgh, Pa., and H. Ray Pope, III, Clarion, Pa., for plaintiff.

W. Arch Irvin, Jr., Pittsburgh, Pa., for defendant.

Frank J. Kernan, Pittsburgh, Pa., for Elmer R. Hallstrom, additional defendant.

James A. Stranahan, III, Mercer, Pa., for Sturgeon Engineering, Inc., additional defendant.

Daniel P. Stefko, Pittsburgh, Pa., for R. H. Sieminski & Co., Inc., additional defendant.

J. Jerome Mansmann, Pittsburgh, Pa., for Interstate Amiesite Corp., additional defendant.

Charles J. Streiff, Pittsburgh, Pa., for Hinkel Plumbing and Heating Co., additional defendant.

## MEMORANDUM AND ORDER ON MOTIONS TO DISMISS

WILLIAM B. WASHABAUGH, Bankruptcy Judge.

The trustee of the estate of the within debtor instituted this adversary proceeding against the defendant architects to recover damages alleged to have resulted from the negligent design of a truck stop on Interstate 80 near Brookville in Jefferson County, Pennsylvania, which allegedly collapsed as soon as completed and the trucks for which it was constructed began using the same. A similar action the debtor filed against the contractors' surety in the District Court for the within District before the bankruptcy filing was discontinued under a settlement agreement approved by the Bankruptcy Court which provided for payment of the sum of $262,500.00. The defendant architects joined the subcontractors and principal officers of the debtor as third–party defendants in the within proceeding under allegations that they were wholly or partially responsible for the alleged damages, and the subcontractors' motions to dismiss on the ground that they were released from liability under the terms of the releases executed in the action against the contractor are before us on oral argument and briefs.

Similar motions on behalf of the corporate officers were denied on the ground that the complaint alleged the specifications recommended by the defendants were altered to comply with the wishes and instructions of said officers. The provisions of the Release and Indemnity Agreement executed by the subcontractors and the surety were identical to and based verbatim on those approved as requiring dismissal of non–liable entities as parties to other litigations in *Griffin v. United States*, 500 F.2d 1059 (3 Cir. 1974) (Cf. *Mazer v. Lipshutz*, 360 F.2d 275 [3 Cir. 1966]; *Davis v. Miller*, 385 Pa. 348, 123 A.2d 422 [1956] which held that under the terminology of the releases there in issue, parties excused from liability thereunder would be required to remain in the case until the court adjudicated whether they were wholly or partially at fault in causing the alleged injury) and provide in pertinent part for the pro rata reduction of any judgment obtained, viz:

"Furthermore, in order to avoid inconvenience and expense to the Releasees in any action which any of the said Releasees may be a defendant or third–party defendant alleged to be jointly liable with other parties, it is further agreed by Releasors that any verdict or award rendered against such other parties shall be reduced by the relative pro–rata share of any of the parties released herein and any judgment entered on said verdict or award reduced by the relative pro–rata share of any of the Releasees herein, irrespective of the basis of the finding of joint liability, and even though the Releasees have not in fact been made par-

ties thereto. This provision is intended to obviate the necessity and expense of having any of the Releasees herein remain or become a party on the record and be obligated to participate at its expense in trial merely for the purpose of entitling the other party or parties to a pro–rata reduction of any verdict or award."

The defendants call attention to the provisions of the Comparative Negligence Act of April 28, 1978, P.L. 202 re–enacting the Act of July 9, 1976, P.L. 855, 17 P.S. 2101 and 2102, 42 Pa.C.S. § 7102 which became effective September, 1976 after the date of the above decision of the Third Circuit Court of Appeals, but we agree with the analysis of the contention that those provisions mandate the inclusion as a party of an entity relieved of liability for whatever reason in order that its proportionate responsibility for the damages complained of may be determined of Judge Cahn in the analogous situation adjudicated in *Green, et al v. MacMillan, Inc.*, August 28, 1980 not yet reported (Civil Action No. 80–0312, [E.D.Pa. 1980]), viz:

"Before the court is the motion of third–party defendant Milton Green for summary judgment. MacMillan had joined Milton Green as a third–party defendant on the actions of Clark and Courtesy Bar. MacMillan does not contest that as a matter of law Milton Green cannot be liable to Mr. Clark because he was a co–employee of Clark. *See* 77 PA. STAT.ANN. § 72,481(b) (Supp.1980–81). MacMillan does not contest that there is no cause of action by the Courtesy Bar against Milton Green for contribution or indemnity. MacMillan simply thinks it must have Milton Green as a third–party defendant so that his amount of comparative negligence can be determined by the jury and attributed to his employer.

"MacMillan's reasoning fails in two respects. First, I cannot allow a suit where no possibility of relief against the defendant exists. Second, Milton Green need not be a party to this suit for the question of the extent of his negligence to be put before the jury and attributed to the Courtesy Bar. Milton Green can be brought in as a witness, other witnesses may testify as to his negligence, and the jury may be properly instructed that Courtesy Bar is accountable for Mr. Greens' negligence. Mr. Green's motion for summary judgment will be granted."

The motions of third–party defendants Elmer R. Hallstrom, Sturgeon Engineering, Inc., R. H. Sieminski & Co., Inc., Interstate Amiesite Corporation and James H. Ferg t/d/b/a Hinkel Plumbing and Heating Company for summary judgment and for dismissal of the third–party complaints against them are granted and said complaints and third–party actions are hereby dismissed.