441 A.2d 381

John E. VOYLES

v.

Douglas T. CORWIN, M.D.

v.

Dr. M. KROSNOFF, M.D., Doris Walker and Glenn D. Hisrich, M.D.

Appeal of Douglas T. CORWIN, M.D. at No. 381 Pittsburgh, 1980

Appeal of Glenn D. HISRICH, M.D. at No. 399 Pittsburgh, 1980

Appeal of M. KROSNOFF, M.D. at No. 400 Pittsburgh, 1980

John E. VOYLES

v.

Glenn D. HISRICH, M.D., Appellant.

Superior Court of Pennsylvania.

Argued Jan. 14, 1981.

Filed Feb. 5, 1982.

---

2. *Cf., Sherman v. Yoder,* 59 Pa.Commonwealth Ct. 430, 430 A.2d 347 (1981). (Factual questions not present).

Deborah A. DeAugustino, Pittsburgh, for Corwin, appellant (at No. 381), appellee (at Nos. 399 & 400) and participating party (at No. 398).

Mark T. Wade, Washington, for Voyles, appellee.

William D. Phillips, Washington, for Krosnoff, appellant (at No. 400), and appellee (at Nos. 381 & 399).

Robert C. Little, Pittsburgh, for Hisrich, appellant (at Nos. 398 & 399) and appellee (at Nos. 381 & 400).

Before SPAETH, SHERTZ and MONTGOMERY, JJ.

SPAETH, Judge:

This case involves two separate actions to recover damages for personal injuries. In both actions one of the additional defendants moved for summary judgment. The lower court granted the motions on the ground that in both actions the plaintiff had, incident to a settlement, released the additional defendant. The defendants and other additional defendants have appealed, claiming that they are entitled to have the released additional defendant kept in as a party. This claim is without merit, for the released additional defendant was not a joint tortfeasor with the defendants and other additional defendants.[1] We therefore affirm.

On June 14, 1975, John E. Voyles sustained severe injuries to his left leg when his motorcycle collided with an automobile driven by Doris Louise Walker. He was immediately taken to Washington Hospital, in Washington County, where he was treated by Dr. Glenn D. Hisrich, Dr. Douglas T. Corwin, and Dr. M. Krosnoff. The next day Voyles was moved to Montefiore Hospital, in Pittsburgh, where he was treated by other physicians.

While in Montefiore Hospital, Voyles settled his claim against Walker. Incident to this settlement, he signed a release as follows:

## RELEASE

Received of Weir Walker (Doris Louise Walker—driver) this 10 day of October, 1975, the sum of fifty thousand and 00/100 dollars ($50,000), in full satisfaction and extinguishment of all claims, including claims for contribution and/or indemnity, and causes of action arising out of any damage or loss, direct or indirect, of bodily injuries sustained in consequence of an accident on or about the 14

---

1. The defendants and other additional defendants also moved for summary judgment. The lower court denied these motions. No appeal has been taken from this action, nor could there be, for an order denying a motion for summary judgment is interlocutory. *See* Pa.R.A.P. 312, 1301–23.

day of June, 19 seventy-five, at Amwell Township, Washington, PA

X   /s/   John Voyles      (Seal)

Witness:

X   /s/   Authur M. Wilson

In October 1975 Voyles was released from the Montefiore Hospital. However, in November he was readmitted, and his left leg was amputated.

On June 13, 1977, Voyles filed the two actions involved in these appeals, one against Dr. Hisrich, the other against Dr. Corwin. In each action Voyles claims that the defendant physicians treated him negligently. In the one action, Dr. Hisrich joined Doris Walker as an additional defendant, and she joined Dr. Krosnoff as an additional defendant. In the other action, Dr. Corwin joined Doris Walker, Dr. Hisrich, and Dr. Krosnoff as additional defendants. In both actions Doris Walker moved for summary judgment, pleading Voyles's release of her. The lower court granted both motions.

On their appeals, the three physicians argue that Walker should have been kept in as a party so that the jury could decide whether she and they were joint tortfeasors. In reply, Walker argues that as a matter of law, a jury could not find that she and the physicians were joint tortfeasors, and that the physicians therefore have no interest in having her kept in as a party.

Without question, if a jury could find both Walker and the physicians liable to Voyles for the same injuries, the physicians would be entitled to have Walker kept in as a party despite Voyles's release of her. In *Davis v. Miller*, 385 Pa. 348, 123 A.2d 422 (1956), the Supreme Court said:

[A]lthough Miller cannot recover contribution from the additional defendant [because of a release], he does have an extremely valuable right in retaining her in the case, because, if the jury should find her to be a joint tortfeasor, his liability to plaintiffs would be cut [to his pro rata share]. Her continuance in the case is therefore

necessary, even though no recovery can be had against her either by plaintiffs or by defendant, in order to determine the amount of damages that defendant may be obliged to pay plaintiffs in the light of the situation created by their releases of the additional defendant's liability.

*Id.*, 385 Pa. at 352, 123 A.2d at 424.

If, however, Walker and the physicians are liable for distinct injuries to Voyles, they are not joint tortfeasors. Even if a jury should find against them, their liability would be apportioned according to the injuries they respectively caused Voyles. Since Voyles has released Walker, there would be no purpose in keeping her in as a party.

■ Whether liability for harm to a plaintiff is capable of apportionment is a question of law for the court, not a question of fact for the jury. Thus Restatement (Second) Torts § 434 states:

(1) It is the function of the court to determine

. . . .

(b) whether the harm to the plaintiff is capable of apportionment among two or more causes. . . .

Comment d to this section states:

The question whether the harm to the plaintiff is capable of apportionment among two or more causes is a question of law, and is for the decision of the court in all cases. Once it is determined that the harm is capable of being apportioned, the actual apportionment of the damages among the various causes is a question of fact, which is to be determined by the jury, unless the evidence is such that reasonable men could come to only one conclusion.

In determining whether the harm to a plaintiff is capable of apportionment, that is, whether the defendants are separate or joint tortfeasors, courts consider several factors: the identity of a cause of action against each of two or more defendants; the existence of a common, or like duty; whether the same evidence will support an action against each; the single, indivisible nature of the injury to the plaintiffs; identity of the facts as to time, place or result;

whether the injury is direct and immediate, rather than consequential, responsibility of the defendants for the same *injuria* as distinguished from *damnum*.

Prosser, Law of Torts, § 46 n. 2 (4th ed. 1971) (footnotes omitted).

■ When one considers these factors here, it becomes apparent that Walker is not a joint tortfeasor with the several physicians. Walker's duty to Voyles was not the same as the physicians' duty. The same evidence cannot support an action against both Walker and the physicians. In proving the physicians' liability, Voyles will have to prove that they failed to exercise due care in treating him. This proof can have nothing to do with whether Walker was driving properly. Similarly, in proving damages, Voyles will have to prove that his condition is worse than it would have been had the physicians exercised due care in treating him. It may be, as the physicians suggest, that the loss of Voyles's leg was an unavoidable consequence of the harm Walker did him, no matter what the physicians did or should have done. Should a jury so find, the physicians would not be liable to Voyles. It may also be that proper medical care would have resulted in Voyles's ultimate injuries not being so severe. Should a jury so find, the physicians would be liable to Voyles for that portion—but only that portion—of Voyles's injuries attributable to their negligence.

In *Lasprogata v. Qualls*, 263 Pa.Superior Ct. 174, 397 A.2d 803 (1979), the issue was the same as the issue here. There, the plaintiff was injured in an automobile accident. He sued the other driver, settled the suit, and released the driver. He then sued his treating physician, the hospital, and the manufacturer of the metal plate that had been screwed to his fractured femur, alleging that the injury he suffered in the accident was aggravated when a screw attached to the plate broke. The treating physician joined the released driver as an additional defendant. In affirming the lower court's order granting the driver's motion for summary judgment, we said:

Case law specifically holds that a tortfeasor originally causing an injury and a physician who subsequently aggravates or causes a new injury are not joint tortfeasors. *Bandle v. Vernick*, 55 Pa.D. & C.2d 457 (1974); *Gertz v. Campbell*, 4 Ill.App.3d 806, 282 N.E.2d 28, aff'd in part and rev'd in part on other grounds, 55 Ill.2d 84, 302 N.E.2d 40 (1973); Annot. 8 A.L.R.3d 639 (1966). The acts of the original wrongdoer and the negligent physician are severable as to time, neither having the opportunity to guard against the other's acts, and each breaching a different duty owed to the injured plaintiff. While they are two active tortfeasors they are not actually acting "jointly" when using that term in the strict sense. As we have held in *Embrey v. Borough of West Mifflin et al.*, 257 Pa.Super. 168, 390 A.2d 765 (1978), to the extent that the acts of the original tortfeasor and those of the physician are capable of separation, the damages should be apportioned accordingly. This apportionment does not necessarily follow the statutory rules for contribution among tortfeasors applicable in situations where such tortfeasors are characterized as joint. Instead, where identifiable acts of negligence of the original wrongdoer and the negligent physician are separate from each other in nature and time, the damages are accordingly apportionable.

*Id.*, 263 Pa.Super. at 179–80, 397 A.2d at 805 (footnotes omitted).

It is contended that *Lasprogata's* facts are "very different." Brief for Appellants at 7. That may be. In legal principle, however, we see no difference. It will be Voyles's burden to prove the "identifiable acts of negligence" of the physicians. If he fails to prove any, he will have failed to prove that the physicians are liable to him.

AFFIRMED.

SHERTZ, J., did not participate in the decision of this case.