487 A.2d 432

Nancy HARKA, Administratrix of the Estate of
Loretta Lauer, Deceased,

v.

Ismail NABATI, M.D., Douglas R. Stutzman, M.D., and
Muhlenberg Medical Center and William F. Strauch
and Roger P. Faust.

Appeal of MUHLENBERG MEDICAL CENTER.

Nancy HARKA, Administratrix of the Estate of
Loretta Lauer, Deceased,

v.

Ismail NABATI, M.D., Douglas R. Stutzman, M.D., and
Muhlenberg Medical Center and William F. Strauch
and Roger P. Faust.

Appeal of Ismail NABATI, M.D.

Nancy HARKA, Administratrix of the Estate of
Loretta Lauer, Deceased,

v.

Ismail NABATI, M.D., Douglas R. Stutzman, M.D.,
Muhlenberg Medical Center and William F.
Strauch and Roger P. Faust.

Appeal of Douglas R. STUTZMAN, M.D.

Superior Court of Pennsyvlania.

Argued Oct. 17, 1984.

Filed Jan. 16, 1985.

Barbara L. Hollenbach, Bethlehem, for Muhlenberg, appellant (at 2485) and appellee (at 2522 and 2523).

Mark H. Scoblionko, Allentown, for Nabati, appellant (at 2522) and appellee (at 2485 and 2523).

William P. Leeson, Bethlehem, for Strauch, appellee.

JoAnne Kelhart, Easton, for Harka, appellee.

Before CAVANAUGH, CIRILLO and JOHNSON, JJ.

CIRILLO, Judge:

This is an appeal from an order of the Court of Common Pleas of Northampton County, which granted appellees' motion for summary judgment. We affirm.

On April 19, 1980, Loretta Lauer was walking along a road when she was struck by a roll of chainlink fencing that fell from a vehicle operated by appellee William Strauch. Lauer was taken to the emergency room of Muhlenberg Medical Center. She died shortly thereafter.

Nancy Harka, administratrix of Lauer's estate, instituted two wrongful death and survival actions. The first action named Strauch and appellee Roger Faust as defendants. The complaint alleged that Strauch and Faust negligently loaded and secured to the vehicle the fence that struck decedent. Appellants Ismail Nabati, M.D., Douglas Stutzman, M.D., and Muhlenberg Medical Center were joined as additional defendants. A second action was subsequently instituted against the doctors and the hospital, who in turn joined Strauch and Faust as additional defendants.

In the first action, Harka entered into a settlement agreement with Strauch and Faust. In consideration for a release from all liability arising from the accident, Strauch and Faust paid Harka $100,000. The agreement specifically recited that the release was not intended to release the doctors or the hospital in the second action.

On the basis of the release, Strauch and Faust moved for summary judgment in the second action. The Honorable Alfred T. Williams, Jr. granted the motion, and held that Strauch and Faust, and the doctors and the hospital were not joint tortfeasors. Therefore, there was no right of contribution among the parties. The doctors and the hospital have appealed this order.

### I.

Appellants frame the first issue for our review as: When plaintiff institutes two actions seeking damages for the death of her decedent, one suit alleging that the death

was caused by the negligent operation of a motor vehicle and the second suit alleging that the death was caused by medical malpractice, are the motor vehicle defendants, who settled with the plaintiff but who are additional defendants in the medical malpractice action, entitled to summary judgment on the basis that they and the medical malpractice defendants are not joint tortfeasors?

Essentially the issue is whether appellants and appellees in the instant action are joint tortfeasors.

The resolution of this issue is controlled by our decisions in *Voyles v. Corwin*, 295 Pa.Super. 126, 441 A.2d 381 (1982), and *Lasprogata v. Qualls*, 263 Pa.Super. 174, 397 A.2d 803 (1979). Although *Voyles* and *Lasprogata* are factually distinguishable from the case at bar, "[i]n legal principle, ... we see no difference." *Voyles, supra*, 295 Pa.Super. at 132, 441 A.2d at 384.

*Lasprogata* involved a plaintiff who was injured in an automobile accident and subsequently underwent medical treatment for a fractured femur. Plaintiff alleged that his injury was aggravated by the treatment. Two actions were instituted: one against the driver of the automobile, and one against the treating physician, who joined the driver as an additional defendant. The suit against the driver was settled, and he was released from further liability. The driver moved for summary judgment in the second action, which the trial court granted. We affirmed.

In *Voyles*, the plaintiff was injured when his motorcycle was struck by an automobile; he suffered severe injuries to his leg. He was admitted to a hospital for treatment, but eventually, the leg was amputated. Plaintiff instituted three actions: one against the driver of the car, and two suits against individual doctors, each of whom joined the driver as an additional defendant. The suit against the driver was settled, and a release was executed. As in *Lasprogata* and the instant case, the driver moved for summary judgment, which was granted. We affirmed.

In each of these cases we recognized that "[w]hether liability for harm to a plaintiff is capable of apportionment is a question of law for the court, not a question of fact for the jury." *Voyles, supra,* 295 Pa.Super. at 130, 441 A.2d at 383; *Lasprogata, supra,* 263 Pa.Super. at 181, 397 A.2d at 806.

In determining whether the harm to a plaintiff is capable of apportionment, that is, whether the defendants are separate or joint tortfeasors, courts consider several factors:

the identity of a cause of action against each of two or more defendants; the existence of a common, or like duty; whether the same evidence will support an action against each; the single, indivisible nature of the injury to the plaintiffs; identity of the facts as to time, place or result; whether the injury is direct and immediate, rather than consequential, responsibility of the defendants for the same *injuria* as distinguished from *damnum.* Prosser, Law of Torts, § 46 n. 2 (4th ed. 1971) (footnotes omitted).

*Voyles, supra.* Moreover, in *Lasprogata,* we stated:

Case law specifically holds that a tortfeasor originally causing an injury and a physician who subsequently aggravates or causes a new injury are not joint tortfeasors.... The acts of the original wrongdoer and the negligent physician are severable as to time, neither having the opportunity to guard against the other's acts, and each breaching a different duty owed to the injured plaintiff. While they are two active tortfeasors they are not actually acting "jointly" when using that term in the strict sense. As we have held in *Embrey v. Borough of West Mifflin et al.,* 257 Pa.Super. 168, 390 A.2d 765 (1978), to the extent that the acts of the original tortfeasor and those of the physician are capable of separation, the damages should be apportioned accordingly. This apportionment does not necessarily follow the statutory rules for contribution among tortfeasors applicable in situations where such tortfeasors are characterized as

joint. Instead, where identifiable acts of negligence of the original wrongdoer and the negligent physician are separate from each other in nature and time, the damages are accordingly apportionable.

*Id.,* 263 Pa.Super. at 179–80, 397 A.2d at 805 (citations and footnotes omitted). *See also Pratt v. Stein,* 298 Pa.Super. 92, 444 A.2d 674 (1982).

■ As to the instant matter, we hold that appellants and appellees are not joint tortfeasors. Without question, appellants and appellees owed different duties to decedent; the evidence that would be utilized against each defendant is clearly different; there is very little identity of facts as to time or place of injury; neither had the opportunity to guard against the other's acts; and as to the identity of the cause of action against each of the defendants, while similar allegations were set forth in the complaints, the nature of each action is unquestionably different. As the learned trial judge noted in his opinion:

Negligence alleged against a physician in a wrongful death action will necessarily involve different legal theories and defenses, different evidentiary problems, and different factual determinations than would a negligence action against a truck driver who negligently loaded his vehicle in a dangerous manner. Ironically, it is the defendants themselves who will seek to prove that the injuries to the plaintiff's decedent are indeed divisible, who will attempt to prove that the negligent conduct of the additional defendants was the sole cause of the death of the plaintiff's decedent, and who will claim that their own conduct was severable from the conduct of the additional defendants.

## II.

The second issue raised by appellants is:

Under these circumstances, even if the motor vehicle defendants and the medical malpractice defendants are not joint tortfeasors, are the motor vehicle defendants entitled to summary judgment when the Comparative

Negligence Act permits contribution among negligent defendants who are not joint tortfeasors?

In essence, appellants are asking us to find that, under the Comparative Negligence Act, 42 Pa.C.S. § 7102, they are entitled to contribution from Strauch and Faust even though they are not joint tortfeasors.

■ Initially, we are mindful that "statutes are not presumed to make changes in the rules and principles of the common law or prior existing law beyond what is expressly declared in their provisions." *Commonwealth v. Miller,* 469 Pa. 24, 27–28, 364 A.2d 886, 887 (1976). *Accord Truck Terminal Realty Co. v. Commonwealth Department of Transportation,* 486 Pa. 16, 403 A.2d 986 (1979); *Bartly v. Concrete Masonry Corp.,* 322 Pa.Super. 207, 469 A.2d 256 (1983). At issue in this case is the effect of Section 7102(b), which provides:

> **(b) Recovery against joint defendant;** contribution.— Where recovery is allowed against more than one defendant, each defendant shall be liable for that proportion of the total dollar amount awarded as damages in the ratio of the amount of his causal negligence to the amount of causal negligence attributed to all defendants against whom recovery is allowed. The plaintiff may recover the full amount of the allowed recovery from any defendant against whom the plaintiff is not barred from recovery. Any defendant who is so compelled to pay more than his percentage share may seek contribution.

We have held that "the right of *contribution* exists only between joint tortfeasors. Contribution distributes the loss equally or each joint tortfeasor pay his or her pro rata share." *Lasprogata, supra,* 263 Pa.Super. at 178 n. 2, 397 A.2d at 805 n. 2 (emphasis in original). *See also Wade v. S.J. Groves & Sons Co.,* 283 Pa.Super. 464, 424 A.2d 902 (1981). We can find nothing in the statute that suggests any change in this rule of law. Several federal district court cases, considering the statute in different contexts, have held that section 7102 did not change prior Pennsylvania law. *See e.g., Young v. Verson Allsteel Press Co.,* 524

F.Supp. 1147 (E.D.Pa.1981); *Seneca Trials, Inc. v. Snyder,* 7 B.R. 128 (W.D.Pa.1980).

■ Moreover, any suggestion by appellants that appellees' presence at trial is required is without merit. In *Kelly v. Carborundum Co.,* 307 Pa.Super. 361, 453 A.2d 624 (1982), we reviewed section 7102 in the context of joining an employer as an additional defendant or involuntary plaintiff for the purpose of apportioning negligence. While *Kelly* is easily distinguishable from the case at bar, we find Judge Wieand's analysis applicable.

> [T]his statute does not provide for apportionment among all tortfeasors causally responsible for an injury. "It merely provides for apportionment among those defendants against whom recovery is allowed. There is no suggestion in that statute that all possible tortfeasors be brought into court, and certainly no requirement that this be done to achieve the purposes of the act. The trier of fact is simply to apportion liability on a percentage basis among those defendants on the record against whom recovery is allowed."

*Id.,* 307 Pa.Super. at 367, 457 A.2d at 627 *quoting Ryden v. Johns-Manville Products,* 518 F.Supp. 311, 316 (W.D.Pa. 1981). *Accord Young v. Allsteel Press Co., supra.*

■ Therefore, we hold that section 7102(b) applies to joint tortfeasors who are properly before the court. Furthermore, to find that appellees' presence at trial is necessary in order to determine the damages appellants may be obliged to pay, would not only deter settlement of actions and waste judicial resources, but it would also give rise to a result clearly unintended by the drafters of the statute.

Affirmed.