## McAndrew v. Hicks

*Annie Pennock Kaplan,* for plaintiffs.
*Scott A. Millhouse,* for defendant Charles Hicks.

WETTICK, *A.J.,* October 23, 1989 — Plaintiff-husband was injured when he was struck by a truck. He received medical treatment for his injuries. These injuries were aggravated by this treatment.

In this lawsuit, plaintiffs have sued only those persons whose negligence allegedly caused the accident (original tort-feasors). Plaintiffs' claim against the original tort-feasors includes damages for those injuries attributable to the negligent medical care

— plaintiffs have not restricted their claim against the original tort-feasors to only those injuries that plaintiff-husband would have sustained if he had received proper medical care.

Plaintiffs have instituted a second lawsuit at G.D. 88-11804 against the physician who treated plaintiff-husband for his injuries and the hospital at which he was treated (medical defendants). In this medical malpractice action, plaintiffs seek only the damages sustained from the additional harm attributable to the negligence of the medical defendants. Plaintiffs do not seek to recover from these defendants any damages for injuries that plaintiff-husband would have sustained from the accident if he had received proper medical care.

One of the original tort-feasors seeks to join the medical defendants as additional defendants in the present action. Plaintiffs oppose on the ground that the proposed joinder is outside the scope of Pa.R.C.P. 2252(a). This rule permits a defendant to join the following persons as additional defendants:

"[A]ny person whether or not a party to the action who may be alone liable or liable over to him on the cause of action declared upon by the plaintiff or jointly or severally liable thereon with him, or who may be liable to the joining party on any cause of action which he may have against the joined party arising out of the transaction or occurrence or series of transactions or occurrences upon which the plaintiff's cause of action is based."

In order to decide whether the joinder of the medical defendants is within the scope of rule 2252(a), we must first determine what claims, if any, the law permits the original tort-feasors to raise against the medical defendants.

Plaintiffs suggest that there is no relationship between the original tort-feasors and the medical

defendants. The acts of negligence of these two groups are unrelated in time and nature. Also, these separate acts of negligence caused separate injuries — they did not unite in causing a single injury. Plaintiffs' argument would have substantial merit if plaintiffs were restricting their claims against the original tort-feasors to only those injuries that plaintiff-husband would have sustained if he had received proper medical care. However, in their claim against the original tort-feasors, plaintiffs chose to include the additional harm sustained from the alleged medical malpractice in the treatment of the injuries sustained from the accident. Plaintiffs are permitted to do so under case law holding that the liability of the original tort-feasor extends to any additional harm caused by negligent medical treatment necessitated by the original negligent conduct. *Boggavarapu v. Ponist,* 518 Pa. 162, 542 A.2d 516 (1988); *Smialek v. Chrysler Motors Corp.,* 290 Pa. Super. 496, 434 A.2d 1253 (1981); and *Embrey v. Borough of West Mifflin,* 257 Pa. Super. 168, 390 A.2d 765 (1978).

While the original tort-feasor's liability to the injured party extends to the additional harm caused by the negligent medical treatment necessitated by the original negligent conduct, the law permits the original tort-feasor who assumes responsibility for payment of all damages that the injured party sustained to recover those damages attributable to improper medical care from the negligent medical providers. See *Boggavarapu v. Ponist, supra.*

The issue of the relationship between the original tort-feasors and the medical defendants was first considered in *Embrey v. Borough of West Mifflin, supra.* In that case, plaintiff's separate lawsuits against the original tort-feasors and the medical defendants were consolidated for trial. The jury

concluded that the original tort-feasors were responsible only for the minimal damages that the deceased had sustained prior to his death and that the medical defendants were responsible for the remaining damages arising out of the death of the accident victim. The jury's finding was based on the instructions of the trial judge that damages between the original tort-feasors and the medical defendants were to be apportioned on the basis of the harm that each defendant caused plaintiff, provided that the harm was capable of being apportioned. The *Embrey* opinion held that these jury instructions were a proper statement of the law.

In *Smialek v. Chrysler Motors Corp., supra,* plaintiff sued the manufacturer whose defective product allegedly caused the accident and the physician and hospital that failed to provide proper treatment. The jury entered an award against the hospital. On appeal, the hospital contended that the lower court erred in instructing the jury that damages could be apportioned between the other defendants and the hospital. The Superior Court rejected this contention. It reaffirmed the holding in *Embrey v. Borough of West Mifflin* that " 'to the extent that the acts of the original tort-feasor and those of the physician are capable of separation, the damages should be apportioned accordingly.' " *Smialek* at 507, 434 A.2d at 1259, quoting *Lasprogata v. Qualls,* 263 Pa. Super. 174, 397 A.2d 803 (1979).

Since plaintiffs' claim against the original tort-feasors in the present case includes the damages attributable to the additional harm caused by the negligent medical treatment, the original tort-feasors are entitled to raise a claim against the medical defendants for the portion of any damage award against the original tort-feasors that is attributable to the additional harm caused by the negli-

gent medical treatment. The original tort-feasors may raise this claim through the joinder of the medical defendants as additional defendants under rule 2252(a). This rule permits a defendant to join as an additional defendant any person "who may be liable to the joining party on any cause of action which he may have against the joined party arising out of the transaction or occurrence or series of transactions or occurrences upon which the plaintiff's cause of action is based." The original tort-feasors' cause of action for apportionment against the medical defendants arises out of the same series of transactions or occurrences upon which plaintiffs' cause of action is based because plaintiffs' claim against the original tort-feasors includes the additional harm caused by the negligent medical treatment.

Plaintiffs have cited a series of cases which hold that original tort-feasors who have settled their claims with the injured party may not be joined as additional defendants in a lawsuit by the injured party against the medical defendants for the additional harm caused by the negligent treatment of the injuries which the original tort-feasors caused. See *Harka v. Nabati,* 337 Pa. Super. 617, 487 A.2d 432 (1985); *Voyles v. Corwin,* 295 Pa. Super. 126, 441 A.2d 381 (1982); and *Lasprogata v. Qualls, supra.* The basis for this case law is that since the plaintiffs did not release the medical defendants from liability in their settlement agreement with the original tort-feasors, the settlement agreement covered only the harm which the original tort-feasors caused.[*] Consequently, the medical defendants are

---

[*] If the plaintiffs had released the medical defendants, the settlement amount would have included any additional harm that the negligent medical treatment caused. Consequently, the original

still liable to the plaintiffs for any additional harm that they caused. But the original tort-feasors have no place in this lawsuit against the medical defendants for the additional harm caused by the medical defendants because the original tort-feasors are not liable to the medical defendants for any of the harm that the medical defendants caused.

This case law is not inconsistent with the holdings of the Superior Court in *Embrey v. Borough of West Mifflin, supra,* and *Smialek v. Chrysler Motors Corp., supra,* that damages between the original tort-feasor and the medical defendants shall be apportioned on the basis of the harm that each caused the plaintiff. In fact, it was the *Embrey* court's characterization of the acts of negligence of the original tort-feasors and the negligent medical providers as separate acts causing separate injuries that served as the basis for the case law holding that the original tort-feasors who settled with the plaintiffs could not be joined by the medical defendants because they were separate tort-feasors liable for distinct injuries rather than joint tort-feasors responsible for a single injury. Also see, *Corbett v. Weisband,* 380 Pa. Super. 292, 551 A.2d 1059 (1988).

For these reasons, we enter the following

## ORDER OF COURT

On this October 23, 1989, it is hereby ordered that defendant Charles Hicks' motion to join additional defendants is granted.

---

tort-feasors could sue the medical defendants to recover the portion of the settlement amount attributable to the additional harm which they caused.