## Schaffnit v. Travelers Insurance Company

*Bruce W. Bernard,* for plaintiff.
*Pamela L. Briston,* for defendant.

BOZZA, *J.,* February 3, 1991—Richard L. Schaffnit, D.C., a chiropractor, has sued the Travelers Insurance Company asserting that it owes him $4,030 for services rendered to Robert L. Zeigler. Mr. Zeigler was injured in an automobile accident in August of 1990 and, as a result, he was treated by Dr. Schaffnit for approximately one year.

Pennsylvania's "Financial Responsibility Law" (hereinafter the "act") does not allow a health care provider to bill a patient for treatment provided as a result of injuries sustained in a motor vehicle accident, rather the provider must obtain payment from the patient's motor-vehicle insurance carrier, 75 Pa.C.S. 1797(a). The act further specifies the use of a "peer review" procedure as a means to resolve disputes with insurance companies over the "reasonableness and necessity of treatment." §1797(b). In this case, Travelers pursued "peer review" of Dr. Schaffnit's treatment and a peer review organization determined that the treatment was not neces-

sary. Although Dr. Schaffnit requested "reconsideration" pursuant to §1797(b)(2), both Travelers and Dr. Schaffnit refused to pay the peer review organization's $400 reconsideration fee. Dr. Schaffnit has now sued to collect his debt and Travelers objects, claiming that the plaintiff has failed to state a cause of action.

We begin by noting that the act is silent concerning the right to judicial review in circumstances where a party is dissatisfied with the results of peer review. Moreover, except for the requirement that a health care provider must collect its bill only from the insurer, the act does not expressly define or limit a party's remedies for noncompliance with the provisions or application of section 1797, nor does it preempt common-law contract rights. And perhaps, most significantly, the legislature did not provide for any mechanism or procedure for the resolution of disputes in circumstances where the act is applicable.

The recent promulgation of regulations by the Pennsylvania insurance commissioner has sought to fill in some of the gaps. For example, it is now specified that an insurer must *initially* pay for the cost of reconsideration of a peer review organization's decision where requested by a provider, Pa. Bull. vol. 21, no. 48, §69.52(h), p. 5612 (November 30, 1991). Additionally, a party has a right to appeal an adverse decision to the appropriate court. *Id.* at §69.52(m), p. 5612. Although it is apparent, and the parties do not dispute, that neither of these provisions was in force during the time that Mr. Zeigler was being treated, their promulgation is instructive.

Unfortunately, there is little appellate court guidance as to the resolution of the issues raised by the defendant in this case. Only the Commonwealth Court has "touched" on the question of judicial

review of a peer review organization's position.* Trial courts have reached the question of judicial review in two instances known to this court. In one instance, the Court of Common Pleas of Indiana County disallowed an "appeal" from a peer review organization decision, essentially taking the position that it was not provided for in the act. *Sullivan v. State Farm Insurance Co.,* no. 807 C.D. 1991 (Pa. C.P., Indiana, August 2, 1991), (order and opinion sustaining in part and granting in part preliminary objections). In Erie County, however, the court denied a preliminary objection to a civil action challenging an insurance company's refusal to pay for medical treatment on the recommendation of a peer review organization. *Webster v. State Farm Insurance Co.,* no. 1913 A 1991 (Pa. C.P., Erie, October 23, 1991), (opinion and order denying preliminary objections). In a case involving a related issue the U.S. District Court for the Eastern District of Pennsylvania determined that it was not necessary for a party to move for reconsideration prior to filing an "appeal." *Danton v. State Farm Insurance Co.,* 769 F. Supp. 174 (E.D. Pa. 1991).

In the present case, the plaintiff, Dr. Schaffnit, has filed a civil action seeking payment from the insurer. Although it is not fashioned or characterized as an "appeal," it certainly represents an effort to obtain judicial review of the peer review organization's position. More fundamentally, however, the plaintiffs lawsuit is an attempt to collect a debt. Since the act precludes collection of a bill from the patient and substitutes instead the patient's insurer, the only party from whom the debt can be collected

---

* In that instance, the court declined to reach the question of whether due process required judicial review, although, the court noted, judicial review was not precluded by the provisions of the statute, per se. *Pennsylvania Chiropractic Federation v. Foster,* 136 Pa. Commw. 465, 583 A.2d 844 (1990).

in this case is the Travelers Insurance Company. There is nothing in the act to indicate that a health care provider is barred from suing an entity for its failure to pay a contractual (or perhaps quasi-contractual) obligation. Even though the contracting party in this case is actually the patient, Mr. Zeigler, the legislature has explicitly chosen to substitute Mr. Zeigler's insurance company as the appropriate party from whom the debt should be collected. However, it is not to be presumed that a statute has modified a pre-existing common-law rule beyond what is expressly declared. *Commonwealth v. Miller,* 469 Pa. 24, 27-28, 364 A.2d 886, 887 (1976) citing *Gratz v. Insurance Co. of North America,* 282 Pa. 224, 234, 127 A. 620 (1925). *Harka v. Nabati,* 337 Pa. Super. 617-619, 487 A.2d 432, 435 (1985). In the absence of a statutory provision or scheme which specifically preempts an individual's right to pursue a common-law legal remedy, this court can find no reason to deny Dr. Schaffnit the right to maintain a civil action to recover compensation for the services he rendered. The following order shall reflect that conclusion.

## ORDER

And now, to-wit, February 3, 1991, it is hereby ordered, adjudged and decreed that defendant's preliminary objection in the nature of a demurrer is denied.