656 A.2d 494

**Tandra SMITH, Appellee,**

**v.**

**Michael PULCINELLA, Appellant.**

Superior Court of Pennsylvania.

Argued Oct. 25, 1994.

Filed March 13, 1995.

Marc F. Ullom, Warrington, for appellant.

Daniel J. Siegel, Philadelphia, for appellee.

Before WIEAND, McEWEN and SAYLOR, JJ.

SAYLOR, Judge:

This is an appeal from an order of the Court of Common Pleas of Philadelphia County entering judgment against Appellant, Michael Pulcinella (Pulcinella), on a jury verdict in favor of Appellee, Tandra Smith (Smith).

The trial judge, the Honorable Abraham J. Gafni, in a thoughtful and reasoned opinion, set forth the factual and procedural history of this case:

On November 10, 1987, Smith's car was struck from the rear by a car driven by Pulcinella. After the accident, a police officer drove Smith's car to the side of the road onto the left shoulder and placed Pulcinella's car behind it. After the parties exchanged information, they reentered their respective cars about fifteen minutes later. As they

sat in their cars, a third car struck Pulcinella's car in the rear, forcing it into Smith's car for the second time. The main injury allegedly sustained by Smith was a herniated disc in her lower back.

Smith attempted to sue Pulcinella in the same action as the driver and owner of the third car. However, the defendants named as responsible for the second collision were released from this suit when Smith's attorney became aware that they were not the drivers of the second striking vehicle. Thus, Pulcinella is the only remaining defendant in this action.

Smith's treating physician, Dr. Dennis Zaslow, was the only medical expert to testify at trial. He testified that Smith suffered significant injuries to her back. He also testified that he believed, to a reasonable degree of medical certainty, that Smith's injuries were caused by the November 10, 1987, accidents. However, Dr. Zaslow acknowledged that he could not differentiate between injuries suffered in the first impact, which involved only Smith and Pulcinella, as opposed to those caused by the second impact.

Pulcinella moved for a non-suit at the conclusion of plaintiff's case, and for a directed verdict at the conclusion of the case. Pulcinella argued that as Smith had never asserted that Pulcinella was negligent in the second accident, he was not liable for any resultant injuries. Pulcinella concluded that since there was no evidence from which the jury could conclude that Smith's injuries were caused by the first impact rather than the second, he could not be liable for any of Smith's injuries.

This court denied Pulcinella's motions for nonsuit and his motion for a directed verdict at the close of the evidence.

At trial, the Court determined, as a matter of law that the two impacts could be considered by the jury as a single accident (N.T. p. 317–8, 340), and asked the panel to consider Pulcinella's liability without apportioning the damages between the two strikings by the automobile. The jury was advised that it could award damages to plaintiff only if it determined that defendant was negligent and that his negli-

gence was a substantial factor contributing to plaintiff's injuries (N.T. p. 312). As a result, Pulcinella was held jointly and severally liable for Smith's injuries.

Pulcinella filed a motion for a judgment notwithstanding the verdict which was denied by the trial court. This appeal followed.

In reviewing the denial of a judgment notwithstanding the verdict, "[w]e will reverse the lower court when we find an abuse of discretion or an error of law that controlled the outcome of the case." *Jones v. Constantino,* 429 Pa.Super. 73, 80–81, 631 A.2d 1289, 1293 (1993), quoting *Timbrook v. Foremost Insurance Co.,* 324 Pa.Super. 384, 471 A.2d 891 (1984). Judgment notwithstanding the verdict is appropriate only

in a clear case where no two reasonable minds could fail to agree that the verdict is improper. "[T]he evidence must be considered in the light most favorable to the verdict winner, and he must be given the benefit of every reasonable inference of fact arising therefrom, and any conflict in the evidence must be resolved in his favor."

*Jones, supra,* 429 Pa.Super. at 80–81, 631 A.2d at 1293 (citations omitted).

While Pulcinella raises four issues on appeal, in essence Pulcinella contends that the trial court erred by determining as a matter of law that the two impacts could be considered as a single accident and that Pulcinella could be held liable for the entire amount of damages suffered by Smith without apportioning the damages as between the two impacts.

"[W]hether liability for harm to a plaintiff is capable of apportionment is a question of law for the court, not a question of fact for the jury." *Harka v. Nabati,* 337 Pa.Super. 617, 622, 487 A.2d 432, 434 (1985) quoting *Voyles v. Corwin,* 295 Pa.Super. 126, 441 A.2d 381 (1982). In determining whether the harm to a plaintiff is capable of apportionment, that is, whether the defendants are separate or joint tortfeasors, courts consider several factors:

the identity of a cause of action against each of two or more defendants; the existence of a common, or like duty;

whether the same evidence will support an action against each; the single, indivisible nature of the injury to the plaintiffs; identity of the facts as to time, place or result; whether the injury is direct and immediate, rather than consequential; responsibility of the defendants for the same *injuria* as distinguished from the same *damnum*.

*Voyles v. Corwin*, 295 Pa.Super. at 130–131, 441 A.2d at 383 (1982) and *Harka v. Nabati*, 337 Pa.Super. at 622, 487 A.2d at 434 (1985), both citing Prosser, Law of Torts, § 46 n. 2 (4th Ed.1971).

"If two or more causes combine to produce a single harm which is incapable of being divided on any logical, reasonable, or practical basis, and each cause is a substantial factor in bringing about the harm, an arbitrary apportionment should not be made." *Capone v. Donovan*, 332 Pa.Super. 185, 189, 480 A.2d 1249, 1251 (1984), citing Restatement (Second) of Torts § 433A Comment i (1977) and Prosser, Law of Torts § 47 (1941). "Most personal injuries are by their very nature incapable of division." *Id.*

"If the tortious conduct of two or more persons causes a single harm which cannot be apportioned, the actors are joint tortfeasors even though they may have acted independently." *Capone v. Donovan*, 332 Pa.Super. at 189, 480 A.2d at 1251 (1984), citing Restatement (Second) of Torts § 879 (1977). Joint tortfeasors are:

" . . . two or more persons jointly or severally liable in tort for the same injury to persons or property, whether or not judgment has been recovered against all or some of them." 12 P.S. § 2082. In Black's Law Dictionary, to be a joint tortfeasor, "the parties must either act together in committing the wrong, or their acts, if independent of each other, must unite in causing a single injury." 4th Ed. (1968) page 1661. A joint tort is defined as "where two or more persons owe to another the same duty and by their common neglect such other is injured . . ." *Id.* at 973.

*Lasprogata v. Qualls*, 263 Pa.Super. 174, 179 n. 4, 397 A.2d 803, 805 n. 4 (1979).

*Lasprogata v. Qualls, Voyles v. Corwin* and *Harka v. Nabati* all involved the relationship between a tortfeasor originally causing an injury and a physician who subsequently aggravated or caused a new injury. In each instance the Superior Court held that the original tortfeasor and the physician were not joint tortfeasors, reasoning that "[t]he acts of the original wrongdoer and the negligent physician are severable as to time, neither having the opportunity to guard against the other's acts, and each breaching a different duty owed to the injured plaintiff." *Lasprogata v. Qualls,* 263 Pa.Super. at 179, 397 A.2d at 805. Thus, in each instance, it was also held that to the extent the acts of the original tortfeasor and those of the physician were capable of separation, the damages should be apportioned accordingly.

In a footnote in *Lasprogata,* the Superior Court cited the case of *Shamey v. State Farm Mutual Insurance Company,* 229 Pa.Super. 215, 331 A.2d 498 (1974). *Shamey* was an action for uninsured motorist coverage brought by the insureds, the Shameys, against the insurer, State Farm. The Shamey's vehicle was stopped near the top of a snowy hill when a car driven by defendant McFarland skidded and struck the Shamey vehicle. Just as the Shamey vehicle came to a stop, it was struck by a third vehicle operated by an uninsured motorist, Osborn. Although *Shamey* involved the interpretation of a provision in a release signed by the insured following settlement of the uninsured motorist claim with State Farm, State Farm argued in passing that the fact situation indicated that there was only one accident. The Superior Court disagreed and observed that the facts indicated that there were two separate collisions by two allegedly negligent drivers, each of whom would be responsible only for the injuries caused by his negligence, notwithstanding that the apportionment of damages was difficult. The court, however, acknowledged that "the evidence produced at trial may indicate that McFarland's negligence put the Shameys in a position of peril, whereupon Osborn, foreseeably, collided with them ..." citing Restatement (Second) of Torts § 433A, Comment c & Illustration 2, although it stated that such a determi-

nation could not properly be made in the context of a motion for summary judgment.

Instantly, at the close of the evidence the trial court, relying on the principles set forth above, concluded that Pulcinella and the driver of the second vehicle were joint tortfeasors whose actions united in causing a single injury to Smith and that, as a consequence, Pulcinella could be held liable for all of the injuries suffered by Smith without apportioning such injuries between the two impacts. The court reasoned that the drivers of both vehicles owed a common duty to Smith, that they acted negligently in a similar manner at virtually the same time and place, that it was Pulcinella's vehicle that actually struck Smith's vehicle twice, and that but for Pulcinella's negligence, Smith's vehicle would not have been off the road and in a position of peril.

Viewing the evidence as we must, in the light most favorable to Smith as the verdict winner, we find that the facts support the trial court's determination that Smith's injuries were not capable of apportionment as between Pulcinella and the driver of the second vehicle. Here, the duty of care owed by Pulcinella and the second driver to the other motorist, Smith, was identical and both were negligent in an identical fashion and at almost the same time and place in failing to control their cars in the rainy weather conditions. Additionally, the harm caused to Smith as a result of the drivers' combined negligence was single and indivisible, the plaintiff's medical expert having testified that he was unable to differentiate between the injuries Smith sustained in the first impact and those caused by the second impact. Finally, but for Pulcinella's negligence, Smith would not have been along the shoulder of the road in a location where she was susceptible to being struck a second time.

Based upon the similarity of duty and negligence of the two drivers, the proximity of time and location, and the indivisibility of the injury, we hold that the trial court did not err by concluding that the two incidents could be considered as one

accident and that Pulcinella's liability should be considered without apportioning damages.

Order affirmed.

WIEAND, J., files a dissenting opinion.

WIEAND, Judge, dissenting:

I respectfully dissent. Because there was no evidence that any of the injuries complained of by the plaintiff-appellee were caused by conduct of the defendant-appellant, I would reverse the judgment entered on the jury's verdict in favor of the plaintiff-appellee.

On November 10, 1987, a vehicle being operated by the appellee, Tandra Smith, was struck from behind by another vehicle being operated by the appellant, Michael Pulcinella. A police officer who arrived at the scene of the accident removed the Smith car from the roadway and placed it on the shoulder. The officer then directed Pulcinella to park his vehicle behind Smith's. After approximately fifteen (15) minutes, during which the drivers exchanged insurance information, they returned to their respective automobiles. While they were seated in their vehicles, a third vehicle struck the Pulcinella car in the rear and pushed it into Smith's vehicle, causing injury to Smith.

Smith filed a civil action in which she named as defendants Pulcinella and another person whom she believed to be the operator of the third vehicle. It was later discovered, however, that the individual named as the driver of the third vehicle was incorrect; and, therefore, this person was dismissed from the action.[1] The action continued solely against Pulcinella. At trial, Smith conceded that after the first impact she had told the investigating officer that she was not hurt. Her medical expert testified that Smith had sustained back injuries on November 10, 1987, but he said that he was unable to

---

1. A fourth individual was named in the complaint as having caused the accident which injured Smith. However, when it was discovered that this individual had also been misidentified, he similarly was dismissed as a party.

determine with any degree of medical certainty whether they had been caused by the first impact, the second impact or a combination of both accidents. The trial court treated both incidents as a single event and allowed the jury to award damages for all of Smith's injuries against Pulcinella.

In my best judgment, this was error. The two accidents were separate incidents. Moreover, the first accident did not create a continuing circumstance upon which the third driver acted. The first accident had come to an end, and the vehicles had been moved, by the intervention and direction of an investigating police officer. He had removed Smith's vehicle from the travelled portion of the roadway to a place of relative safety on the shoulder and had instructed Pulcinella to do the same. It seems clear, therefore, that Pulcinella's negligence in causing the initial accident had come to an end before a third person's negligence caused a second accident. As such, appellant and the third driver cannot be deemed joint tortfeasors.

In *Shamey v. State Farm Mutual Automobile Ins. Co.*, 229 Pa.Super. 215, 331 A.2d 498 (1974), the plaintiffs had been ascending a grade when their vehicle became stuck in snow and ice. A second vehicle, driven by McFarland, descended the hill and struck the plaintiffs' car, causing it to spin 180 degrees so that it was now facing downhill. Shortly thereafter, a third vehicle, driven by Osborn, descended the hill and also struck the plaintiffs' car. Because Osborn had no liability insurance, the plaintiffs sued McFarland. As to the potential liability of McFarland, the Court indicated that it would be inappropriate to hold him liable for damages which were not the result of his negligence. The Court said:

> There were two separate collisions by two allegedly negligent drivers, and each will only be responsible for the injuries caused by his negligence: McAllister v. Pennsylvania R.R. Co., 324 Pa. 65, 187 A. 415 (1936); Restatement of Torts, Second § 433A and § 433B; Prosser, Law of Torts, § 52 (4th ed. 1971). The mere fact that the two collisions occurred within a brief period of time, and therefore make the apportionment of damages difficult, does not render

McFarland liable for the damage caused by Osborn's negligence. As Professor Prosser has stated: "Mere coincidence in time does not make the two one tort, nor does similarity of design or conduct, without concert. Evidence may be entirely lacking upon which to apportion some elements of the damages, such as medical expenses, or permanent disability, or the plaintiff's pain and suffering; but this never has been regarded as sufficient reason to hold one defendant liable for the damage inflicted by the other." Prosser, supra at p. 317.

*Id.* at 223–224, 331 A.2d at 502. See also: *Lasprogata v. Qualls,* 263 Pa.Super. 174, 179–180, 397 A.2d 803, 805–806 (1979) (where two tortfeasors breach separate duties to plaintiff, damages must be apportioned); *Wade v. S.J. Groves & Sons Co.,* 283 Pa.Super. 464, 475, 424 A.2d 902, 907 (1981) (where tortfeasors are not acting jointly so that the results of conduct of each is separate, damages must be apportioned).

In the case sub judice, the record discloses no evidence that the plaintiff-appellee sustained any injury as a result of the original impact between her vehicle and the vehicle driven by the defendant-appellant. Thus, the plaintiff failed to meet her burden of proving that the original impact had been a substantial factor in causing the injuries of which she complained. Under such circumstances, Section 433A of the Restatement (Second) of Torts can have no application. It has application only where two causes have combined to bring about harm to the plaintiff and each has been a substantial factor in producing the harm. *Id.* at Comment (a). See also: Restatement (Second) of Torts, § 430 ("In order that a negligent actor shall be liable for another's harm, it is necessary not only that the actor's conduct be negligent toward the other, but also that the negligence of the actor be a legal cause of the other's harm"). Here, there is no evidence that the defendant's conduct was a legal cause, i.e., a substantial factor, in causing the plaintiff's injuries. The burden of proving causation was on the plaintiff-appellee. To impose liability on the defendant-appellant without proof that his conduct caused injury is to

hold him responsible for damages caused by the negligence of another.

I would reverse the judgment entered on the verdict and cause a judgment n.o.v. to be entered in favor of the appellant.