344 A.2d 481
SUBURBAN FAIR HOUSING, INC., and Margaret
Hill Collins, Appellants,

v.

DELAWARE COUNTY BOARD OF REALTORS,
Appellee.

Supreme Court of Pennsylvania.

Argued Nov. 25, 1974.

Decided Oct. 3, 1975.

176

Robert W. Sayre, Philadelphia, Edward S. Lawhorne, David B. Fitzgerald, Norristown, for appellants; Saul, Ewing, Remick & Saul, Philadelphia, of counsel.

Stephen S. Smith, Upper Darby, for appellee.

Before JONES, C. J., and EAGEN, O'BRIEN, ROBERTS, POMEROY, NIX and MANDERINO, JJ.

## OPINION OF THE COURT

MANDERINO, Justice.

The appellants, Suburban Fair Housing, Inc., and Margaret Hill Collins, real estate brokers licensed in Pennsylvania, filed a complaint against the appellee, Delaware County Board of Realtors. The complaint alleged that the appellee "maintains a multiple listing service for the exclusive use of its members," and that appellants, who were engaged in the real estate brokerage business with

offices in Montgomery County, Pennsylvania, had been denied membership in the Delaware County Board of Realtors. The complaint further alleged that the appellants had been denied membership in the appellee board's multiple listing service, and that as a result of being denied such membership, they had "sustained great loss of sales and profits," and would "continue to sustain such loss." Appellants requested a mandatory injunction ordering the appellee board to admit appellants to membership in the board or, in the alternative, to membership in the multiple listing service maintained by the appellee board. Following the filing of appellee's answer, appellants moved for judgment on the pleadings citing *Collins v. Main Line Board of Realtors*, 452 Pa. 342, 304 A.2d 493 (1973). The appellants' motion was denied but judgment on the pleadings was entered in favor of appellee. This appeal followed.

On facts almost identical to those alleged in the present complaint, *Collins, supra,* held that multiple listing practices of an organization of real estate brokers which operated to exclude a licensed broker from participation in the multiple listing are, per se, unreasonable, and an unlawful restraint of trade. Appellants contend that *Collins* controls this case, and that the trial court improperly entered judgment against them. Appellee contends that there is one essential difference between the facts in *Collins* and the facts alleged in this case. The difference, which is significant according to the appellee, is that the appellants in this case have not alleged that they operate in the geographical area covered by the appellee board. Appellee contends that since appellants alleged that their offices were in Montgomery County, they have no right to complain about membership or multiple listing practices of the appellee board, whose membership does not include any brokers outside of Delaware County.

The appellee's argument is based on language in *Collins, supra,* stating that all real estate brokers licensed by Pennsylvania, and in good standing under state law, operating in the area covered by the organization engaging in multiple listing practices were entitled to membership in the organization or in the alternative were entitled to participate in the multiple listing service. Appellee contends that under *Collins* appellants were required to allege that they "operated in the area" covered by the appellee board, that they failed to so allege, and thus were not entitled to relief. We cannot agree.

It may be that a real estate broker licensed in Pennsylvania, who does no business, and does not intend to do business, in a particular area would be doing nothing more than asking a court for an advisory opinion by complaining about an unreasonable restraint of trade caused by an organization which does not affect the complaining broker in any way. That, however, is not the case before us. Appellants have alleged that they maintain offices in Montgomery County which, we can judicially notice, is located adjacent to Delaware County. They have also alleged that they have sustained, and will continue to sustain, great loss of sales and profits. Appellants therefore are not strangers, geographically or otherwise, to the multiple listing practices of the appellee board.

■ While it may be true that a broker who is *unaffected* by business practices in a particular *competitive area* may have no complaint, it does not follow that those persons maintaining an office in one county have no reason to complain of business practices in an adjoining county. County lines have not been laid out on any rational basis derived from a study of natural real estate buying or real estate selling habits of people. Indeed, the county lines of Delaware County and Montgomery County were determined years ago, no doubt based on factors totally foreign to the economic realities of the

real estate brokerage business as it exists today. The judgment on the pleadings against the appellants, based solely on the fact that their office is located in Montgomery County whereas the appellee board operates in Delaware County, is a judgment based on artificial boundaries unrelated to naturally competitive areas in the business of buying and selling real estate.

■ Although judgment on the pleadings was improperly entered on behalf of the appellees, we cannot direct the entry of a judgment on the pleadings in favor of the appellants. The complaint alleges that the appellee board "maintains a multiple listing service for the exclusive use of its members, a service which is an essential part of the real estate business and provides the major source of income in the real estate business and is of great value to those participating members." Until evidence is received, there is nothing to indicate exactly what these multiple listing practices are. We cannot assume, without a record, that the practices are identical to those in *Collins*, or if they are not, that the practices constitute an unreasonable restraint of trade. We therefore vacate judgment on the pleadings issued by the trial court. The appellants are entitled to an opportunity to prove their allegations.

Judgment vacated and the matter remanded for proceedings consistent with this opinion. Each party to pay own costs.

ROBERTS, J., filed a dissenting opinion in which JONES, C. J., and O'BRIEN, J., joined.

ROBERTS, Justice (dissenting).

I adhere to the view expressed by the Chief Justice in the dissenting opinion in *Collins v. Main Line Board of*

*Realtors,* 452 Pa. 342, 358, 304 A.2d 493, 498 (1973), which I joined. For the reasons stated therein, I dissent from today's decision.

JONES, C. J., and O'BRIEN, J., join in this dissenting opinion.