359 A.2d 782

**Wilbur H. RICE,**

**v.**

**Willis H. RICE et al., Appellants.**

Supreme Court of Pennsylvania.

Argued Nov. 11, 1975.

Decided July 6, 1976.

1

2

———◆———

Fink & Young, Harold B. Fink, Jr. Coudersport, for appellants.

John A. Duvall, Coudersport, for appellee.

Before EAGEN, O'BRIEN, ROBERTS, POMEROY, NIX and MANDERINO, JJ.

## OPINION OF THE COURT

POMEROY, Justice.

The parties to this litigation, the plaintiff-appellee and the seven defendant-appellants, are fellow participants in a venture known as the Twin Oaks Hunting Camp. As such, they are the owners of one hundred acres of land in Potter County, Pennsylvania which comprises the camp property. One of the group, Wilbur H. Rice, having apparently become disenchanted with the arrangement, brought the present action in equity to compel a partition of the tract among the eight owners. After the pleadings were closed Rice moved for, and the trial court granted, judgment on the pleadings.[1] This appeal ensued.[2] We shall reverse.

1. The plaintiff's motion was granted and then, for a reason not apparent from the record, the decree granting the motion was revoked. Seven months later, after a renewal of the motion for judgment, a hearing was held at which arguments were presented. Thereafter, approximately ten months subsequent to the original order, the court again granted judgment on the pleadings in favor of plaintiff, and directed partition of the property. The chancellor included in his decree a suggestion to the parties that they settle the matter amicably in order to "avoid partition and its costs." This suggestion has not borne fruit, or perhaps more aptly, bagged any game.

2. The appeal was taken pursuant to the Act of July 31, 1970, P.L. 673, No. 223, art. II, § 202(4), 17 P.S. § 211.202(4) (Supp.1975–1976) which provides for direct appeals in "Actions or proceedings in equity." Subsequent to the filing of this appeal this section of the Appellate Court Jurisdiction Act was suspended by Supreme Court Rule 73.

4

■ A motion for judgment on the pleadings is in the nature of a demurrer, and all the opposing party's well pleaded allegations are to be taken as true. *Bata v. Central-Penn National Bank of Philadelphia*, 423 Pa. 373, 378, 224 A.2d 174 (1966); see also *Bureau of Child Care v. United Fund of Phila.*, 416 Pa. 617, 207 A.2d 847 (1965). Thus the facts in a case where such a motion is made are to be ascertained from the undenied averments of the pleadings, including exhibits properly attached thereto. *Hammermill Paper Co. v. Rust Engineering Co.*, 430 Pa. 365, 243 A.2d 389 (1968); *Bata v. Central-Penn National Bank of Philadelphia*, 423 Pa. 373, 224 A. 2d 174 (1966); *Nederostek v. Endicott-Johnson Shoe Co.*, 415 Pa. 136, 202 A.2d 72 (1964).[3]

In the case at bar those pleadings disclose the following relevant facts: The parties in 1969 acquired title to the property involved by a deed under which they hold title in equal undivided shares as tenants in common. The plaintiff, Wilbur Rice, has requested the other owners to purchase his interest in the property, and they have offered him the sum of $200 therefor, a sum he apparently found unacceptable. The $200 offer was made "pursuant to the intent set forth in" the deed, which contains the following recital:

"The Purpose of this transfer is to establish equal ownership and privileges among the members of the Twin Oaks Hunting Camp and to set certain conditions of membership as follows:

1. No member may give, sell or assign his interest to anyone without the full consent of all the camp members.

**3.** In the case at bar the answer admits the averments of the complaint. The answer also sets forth additional averments under the heading of new matter, which are partially denied in the reply. The reply, however, being in this case a self-serving pleading by the moving party, was not available for the court's consideration in passing upon the motion. *Bata v. Central-Penn Nation-*

2. When a member is deceased, his heir or heirs shall receive a cash payment of Two hundred ($300.-00) [sic] within six months after death, which sum shall be his full equity in the property hereby transferred. This two hundred ($200.00) dollar payment shall be decreased by the amount of any back dues that may be due the Hunting Camp."

Attached to appellant's answer is a copy of a handwritten document consisting of eight numbered paragraphs, said by appellants to be an "informal set of By-laws" governing the members of the camp.[4] Paragraph 4 of the so-called by-laws reads as follows:

"4. In case one wants out of the club how much does he get [?] $200."

The defendants have at all times been willing to pay the plaintiff the sum of $200, less $60 back dues owed by plaintiff.

Appellants argue here, as they did below, that the camp property is not subject to partition because of the provision in the deed prohibiting transfers without the consent of all co-tenants and the "by-law" requiring a retiring member of the hunting club to sell his interest to the remaining members for $200. We need not decide, however, at this juncture, whether there is merit in these arguments, for we are satisfied that on the basis of the facts before him the chancellor was in error in granting the appellee's motion for judgment on the pleadings.

The facts disclosed by the complaint and answer showed that partition was *prima facie* barred by agreement of the parties, as evidenced by the consent clause in

al Bank of Philadelphia, supra; *Herman v. Stern*, 419 Pa. 272, 276 n. 1, 213 A.2d 594, 596 n. 1 (1965); Goodrich-Amram, § 1034(b)–1 at 471.

4. The plaintiff's reply denied that there was such an agreement or by-laws, or any organization for which by-laws could exist, but the existence of the document referred to in the text was not denied.

**6**

the deed and by the camp's by-laws. It was not for the chancellor on the basis of these pleadings to conclude, as apparently he did,[5] that the clause in the deed was not legally enforceable because an unreasonable restraint on alienation and that the plaintiff was not bound by the by-laws because there was no indication that they have ever been adopted.

While the question whether a particular restraint on alienation is unreasonable and so invalid is basically a question of law, the answer depends upon factual considerations, such as the time within which the restraint may be exercised and whether it is supported by consideration. See Restatement of Property, §§ 173, 412 (1936); see also *Appeal of Latshaw*, 122 Pa. 142, 15 A. 676 (1888). Without ascertainment of such surrounding facts, judgment on the pleadings is improper. As we said in the case of *Jefferies v. Hoffman*, 417 Pa. 1, 5 n. 1, 207 A.2d 774, 776 n. 1 (1965): "Where . . . the rules of law are not clear a court should be especially wary of granting judgment on the pleadings before the factual underpinnings are well defined." As to the "by-law" provision permitting a camp member to receive $200 on withdrawal, it is obvious that its scope and effect also involved fact questions which could be answered only by evidence produced at a trial. These include all the facts bearing on the relationship of the parties *inter se* and whether and to what extent they have subscribed to by-laws or some other form of agreement. With matters of such pertinence unknown, judgment for the plaintiff was unwarranted. "Judgment on the pleadings should be allowed only where a case is free from doubt and trial would be a fruitless exercise" *North Star Coal Co. v. Waverly Oil Works Co.*, 447 Pa. 241, 246, 288 A.2d

5. No opinion such as required by Supreme Court Rule 56 has been supplied to this Court. The record of the hearing at which the motion for judgment was argued indicates, however, that the chancellor's view at that time was as stated in the text.

768, 771 (1972). See also *Suburban Fair Housing, Inc. v. Delaware County Board of Realtors,* 463 Pa. 175, 344 A.2d 481 (1975); *Blumer v. Dorfman,* 447 Pa. 131, 289 A.2d 463 (1972).

Decree vacated and the case is remanded with a procedendo; costs on appellee.

ROBERTS, J., concurs in the result.

JONES, C. J., did not participate in the consideration or decision of this case.