## Hunter v. Employers Insurance of Wausau

*William Goldstein*, for plaintiffs.
*Mary H. Cosby*, for defendant Blaker.

FRANKSTON, *Administrator,* June 26, 1980 —The matter currently before us for consideration is a motion for judgment on the pleadings filed by defendant Blaker on May 14, 1980. Plaintiffs filed a reply and memorandum of law on June 2, 1980. Defendant Blaker requests judgment on the pleadings on the theory that one of the causes of action stated in plaintiffs' complaint sounds in defamation and that such claim is barred by the applicable statute of limitations.

This action was instituted by a complaint filed November 21, 1979. Paragraph 20 of plaintiffs' complaint alleges that defendant Blaker defamed plaintiff-wife in a written report sent by him on or about January 27, 1978 to defendant Employers Insurance of Wausau describing a medical examination previously conducted on plaintiff-wife.

Defendant Blaker originally filed his answer with new matter on January 16, 1980. However, on April 1, 1980 this defendant requested leave to file an amended answer in order to assert the defense of statute of limitations in new matter. We granted defendant Blaker leave to amend his answer and new matter on April 14, 1980, and he filed the amended answer and new matter on April 23, 1980. Paragraph 4 of the new matter states merely that plaintiffs' claims based on the tort of defamation are barred by the applicable statute of limitations. Plaintiffs replied to the new matter stating that said defendant's averments in Paragraph 4 constitute a conclusion of law to which no response is required and, to the extent that a response is required, a bar based on the statute of limitations is denied.

Both parties to this motion have directed their arguments mostly to the issue of whether plaintiffs' reply to Paragraph 4 of the new matter constituted

a sufficient denial. We believe it is a sufficient denial and shall proceed to the determination of the motion for judgment on the pleadings on its merits.

A motion for judgment on the pleadings is in the nature of a demurrer and all the opposing party's well pleaded allegations are to be taken as true. The facts in a case where such a motion is made are to be ascertained from the undenied averments of the pleadings, including exhibits properly attached to the pleadings: Rice v. Rice, 468 Pa. 1, 4, 359 A. 2d 782, 783 (1976).

As stated above, Paragraph 20 of plaintiffs' complaint states that the alleged defamatory report prepared by defendant Blaker was sent to defendant Employers Insurance of Wausau on or about January 27, 1978, more than one year and nine months before plaintiffs filed their complaint against defendant Blaker. Pennsylvania law provides for a one year statute of limitations for defamation: Act of March 27, 1713, 1 Sm.L. 76, sec. 1, 12 P.S. §31, and Act of April 25, 1850, P.L. 569, sec. 35, 12 P.S. §32; repealed and now supplied by Act of July 9, 1976, P.L. 586, sec. 2, 42 Pa.C.S.A. §5523(1). The cause of action accrues upon "publication" of the alleged defamatory communication either intentionally or by a negligent act to one other than the person defamed: Restatement, 2d, Torts, §577. See Summit Hotel Co. v. National Broadcasting Co., 336 Pa. 182, 8 A. 2d 302 (1939); Gaetano v. Sharon Herald Co., 426 Pa. 179, 231 A. 2d 753 (1967). The fact that the person defamed had no knowledge of the defamation until shortly before the action is brought is of no consequence since the gravamen of the offense is not the knowledge by the plaintiff nor the injury to his feelings, but the degrading of his reputation: Hartmann v.

Time, Inc., 64 F. Supp. 671 (E.D. Pa. 1946), vacated in part and remanded on other grounds, 166 F. 2d 127 (3d Cir. 1948). Though plaintiffs have asserted that the statute of limitations begins to run only when plaintiffs knew or should have known of its publication, they have not cited any Pennsylvania case authority which so holds. Accordingly, we enter the following

## ORDER

And now, June 26, 1980, upon consideration of the motion for judgment on the pleadings, filed by defendant Blaker on May 14, 1980, the reply to defendant's motion filed by plaintiffs on June 2, 1980, and this opinion, it is hereby ordered and decreed that judgment on the pleadings is granted in favor of defendant Blaker and against plaintiffs and the Fifth Count of plaintiffs' complaint for defamation (Paragraphs 42 through 45) is dismissed with prejudice as to said defendant.