526 A.2d 417

Nicholas A. SAMANGO,

v.

Vincent PILEGGI, Jr. and Gabriel Berk, Esquire

v.

CHELSEA TITLE AND GUARANTY CO. and
Luigi's Restaurant Co., Inc.

Appeal of CHELSEA TITLE AND GUARANTY CO.

Superior Court of Pennsylvania.

Argued Nov. 20, 1986.

Filed May 26, 1987.

424

John J. Scroko, Philadelphia, for appellant.

David N. Bressler, Philadelphia, for appellee.

Before CAVANAUGH, OLSZEWSKI and TAMILIA, JJ.

CAVANAUGH, Judge:

In this case we must determine (1) whether the court below erred in allowing the joinder of Chelsea Title and Guaranty Co. as an additional defendant, and (2) whether, in the procedural stance of this particular case, judgment was properly entered against the additional defendant even if it were improperly joined as an additional defendant?

The case was originally commenced by Nicholas A. Samango against Vincent Pileggi, Jr. and Gabriel Berk, Esquire, who were the defendants below. The action was in trespass and assumpsit. The basis for the suit was an alleged breach of a written agreement of sale dated May 19, 1979, of a liquor license to Mr. Samango. The complaint alleged that Mr. Pileggi warranted in the agreement of sale that he was the sole and unconditional owner of a liquor license and further alleged that a sum of money was to be held in escrow by Mr. Berk and that the sum was not returned to Mr. Samango in accordance with the agreement. The trespass action complained that the defendants made false representations. Mr. Samango sought compensatory damages and also punitive damages in excess of $50,000.00 from the defendants.

Vincent Pileggi, Jr. filed a third party complaint against the Chelsea Title and Guaranty Company and Luigi's Restaurant Company, Inc. as additional defendants. The complaint against the additional defendants alleged, *inter alia:*

36. Furthermore, the additional defendants are liable to this defendant on the following cause of action which this defendant has against the additional defendants aris-

ing out of the transaction or occurrence or series of transactions or occurrences upon which the plaintiff's cause of action is based.

37. On or about September 29, 1978, this defendant and additional defendant Luigi's Restaurant Company, Inc., entered into an Agreement of Sale, under which additional defendant Luigi's Restaurant Company, Inc., agreed to sell to this defendant, and this defendant agreed to purchase from the additional defendant, that certain plenary liquor license # 0102–33–143–001, issued to said additional defendant by the City of Atlantic City. A true and correct copy of said Agreement of Sale is attached hereto, made part hereof and marked Exhibit "C".

38. The closing under said Agreement of Sale took place on January 16, 1979 at the offices of additional defendant Chelsea Title and Guaranty Co.

39. At said settlement, this defendant and the additional defendants entered into a certain Escrow Agreement dated January 16, 1979, a true and correct copy of which is attached hereto, made part hereof and marked Exhibit "D".

40. Under said Escrow Agreement, the amount of $50,000.00 was placed in escrow with, to be held by and invested in trust by, said additional defendant Chelsea Title and Guaranty Co., pending transfer of said liquor license from additional defendant Luigi's Restaurant Company, Inc. to this defendant, and only to be released to additional defendant Luigi's Restaurant Company, Inc. upon the transfer of said license pursuant to said Agreement of Sale dated September 29, 1978 (Exhibit "C" within one hundred and twenty (120) days from January 16, 1979).

41. Said liquor license was not so transferred within said one hundred and twenty (120) days, or at any other time.

42. Nevertheless, improperly and in violation and breach of said Escrow Agreement, said additional defend-

ant Chelsea Title and Guaranty Co. on or about May 18, 1979, released said $50,000.00 to said additional defendant Luigi's Restaurant Company, Inc., without the knowledge, permission or consent of this defendant.

The appellant, Chelsea Title and Guaranty Company, filed preliminary objections to the complaint which joined the additional defendants on the ground of misjoinder of causes of action. The preliminary objections were dismissed by White, J. on June 5, 1981. The action against the additional defendant, Luigi's Restaurant Company, Inc., was dismissed by McCrudden, J.

Prior to the trial of the instant case, the original action by Mr. Samango against Messrs. Pileggi and Berk was discontinued. The matter continued to trial solely on the complaint of Pileggi against the additional defendant, Chelsea Title and Guaranty Company. The matter was heard before Katz, J., without a jury, who found in favor of Mr. Pileggi against the additional defendant in the amount of $50,000.00 plus interest in the amount of $20,750.00.

Chelsea Title and Guaranty Company appeals, alleging first that the court below improperly permitted the joinder of Chelsea Title and Guaranty Company as an additional defendant in the original action.[1] Pa. R.C.P. 2252 (a) provides:

Rule 2252. Right to Join Additional Defendants

(a) In any action the defendant or any additional defendant may, as the joining party, join as an additional defendant any person whether or not a party to the action

---

1. The court, speaking through Katz, J., agreed that the joinder of Chelsea Title and Guaranty Company was improper "because Pileggi's claim did not arise out of the same transaction or occurrence as did Samango's claim against Pileggi and Berk. We agree with Chelsea that where, as in the instant case, plaintiff's complaint and the defendant's joinder complaint are based on separate and distinct contracts, the two claims do not arise out of the same transaction or occurrence." Slip Opinion, page 4.

However, since Judge White had already overruled the additional defendant's preliminary objections, the court determined that it could not set aside an interlocutory order by another judge, relying on *Robert Wooler Company v. Fidelity Bank,* 330 Pa.Super. 523, 479 A.2d 1027 (1984).

who may be alone liable or liable over to him on the cause of action declared upon by the plaintiff or jointly or severally liable thereon with him, or *who may be liable to the joining party on any cause of action which he may have against the joined party arising out of the transaction or occurrence or series of transactions or occurrences upon which the plaintiff's cause of action is based.*

(Emphasis added.) [2]

The agreement of sale of September 29, 1978, was between Mr. Pileggi and Luigi's Restaurant and the escrow agreement of January 16, 1979, was between Mr. Pileggi and the additional defendants, Luigi's Restaurant and Chelsea Title and Guaranty Company. These two agreements were the basis for joining the additional defendants and did not involve in any way Mr. Samango's original claim against Messrs. Pileggi and Berk. Mr. Samango and Mr. Berk were not parties to the agreements of September 29, 1978 and January 16, 1979. The underlying claim in the original complaint and the complaint to join the additional defendants arose out of separate transactions and occurrences. We are cognizant that Rule 2252 (a) is to be broadly construed to effectuate its purpose of avoiding multiple lawsuits by settling in one action all claims arising out of the transactions or occurrences which gave rise to the plaintiff's complaint. *Svetz v. Land Tool Company,* 355 Pa.Super. 230, 513 A.2d 403 (1986); *Upper Makefield Township v. Benjamin Franklin Federal Savings and Loan Association,* 271 Pa.Super. 399, 413 A.2d 726 (1979). However, as noted in *DiLauro v. One Bala Avenue Associates,* 357 Pa.Super. 209, 515 A.2d 939, 945 (1986):

Joinder is permitted only so long as the additional defendant's alleged liability is related to the claim which the plaintiff asserts against the original defendant.

**2.** There was no evidence that the first part of Rule 2252 (a) was applicable. That section of the Rule permits the joinder of an additional defendant who alone is liable or liable over to the defendant on the cause of action declared upon or jointly or severally liable with the defendant on the cause of action declared upon.

■ Under Pa.R.C.P. 2252 (a) it is not a necessary condition for joinder that the complaint to join the additional defendant be based on the same cause of action as the complaint against the original defendant. *Stokes v. Loyal Order of Moose Lodge # 696*, 502 Pa. 460, 466 A.2d 1341 (1983). Nevertheless, the cause of action against the additional defendant must arise out of the same transaction or occurrence or series of transactions or occurrences. *Upper Makefield Township v. Benjamin Franklin Federal Savings and Loan Association, supra.*

■ The facts upon which the original complaint was filed against Mr. Pileggi and Mr. Berk are unrelated to the basis of Mr. Pileggi's claim against Chelsea Title and Guaranty Company. If the evidence that would establish defendant's liability to the plaintiff is distinct from that which would establish the third party defendant liability to the defendant, the complaints should not be joined. *Stokes v. Loyal Order of Moose Lodge*, No. 696, *supra. See also Brown Boveri Building Automation, Inc. v. Midland-Ross Corporation*, 333 Pa.Super. 261, 482 A.2d 557 (1984). In *Upper Makefield* this court held that where a cause of action in the original complaint is independent of the cause of action in the third party complaint, joinder is improper. The court noted at 271 Pa.Super. 403–4, 413 A.2d 728: "Any relationship between the separate causes of actions is entirely too remote and tenuous to allow Mt. Eyre's causes of action against the additional defendants to be litigated in the Township's assumpsit action against the Association."

■ Similarly, in our case the contract on which the plaintiff sued the original defendants was based on a contract of sale of a liquor license allegedly entered into between Mr. Samango and Mr. Pileggi. Mr. Samango also claimed fraud on the part of the defendants in the original action. His cause of action could have been established entirely without dependence on the contracts alleged by Mr. Pileggi in his endeavor to join the Chelsea Guaranty and Title Company and Luigi's Restaurant, Inc. as additional defendants. The law only permits joinder where the assert-

ed liability of the additional defendant is related to the claim of the original plaintiff. *Incollingo v. Ewing*, 444 Pa. 263, 299, 282 A.2d 206 (1971); *General State Authority v. Coleman Cable & Wire Co.*, 32 Pa.Commwlth Ct. 117, 377 A.2d 1291 (1977). In our opinion, the court below erred in denying the additional defendant's preliminary objections.

We must determine if this error warrants reversal of the judgment entered in favor of appellee. We conclude, *in the narrow procedural confines of this case*, that it does not. Plaintiff Samango's complaint against original defendant Pileggi was settled, discontinued and ended prior to trial. The only controversy litigated at the trial was original defendant Pileggi's complaint against additional defendant Chelsea.[3] There was no prejudice to the additional defendant as there might have been if the litigation had continued between the plaintiff and original defendant, as in that situation issues not relevant to the proceedings between the defendant and the third party defendant might have been introduced. The appellant has not alleged that it suffered any prejudice as a result of the improper joinder and we discern none.[4]

We now turn our attention to the merits of the case. Appellant contends that the court below erred in deciding that the appellant had improperly disbursed funds held in escrow. Appellant argues the funds were disbursed in accordance with the contract between Chelsea Title and Guaranty Co. and the appellee. To determine the propriety of appellant's release of the funds, we must look at the escrow agreement and the circumstances surrounding the establishment of the escrow fund. Luigi's Restaurant Company, Inc. owned a liquor license and in September, 1978 it

3. Katz, J. noted at footnote 2, slip opinion:
   We do not agree with Pileggi that the misjoinder, if any, ceased to exist when Samango's claim against the original defendants was settled.

4. Appellant admits that had its preliminary objections been sustained, the dismissal of the third party complaint would have been a dismissal without prejudice to the original defendants' filing of another complaint against appellant. (Appellant's brief, page 23)

agreed to sell the license to Pileggi. The transfer of the liquor license was "conditioned upon the settlement of the sale between B & K Enterprises, seller, and Vincent Pileggi, Jr., buyer of the property ... located at 2019 Pacific Avenue, Atlantic City, New Jersey." The license was approved for use on the premises at Pacific Avenue.

The settlement for the transfer of the premises and the license was scheduled for January 16, 1979. It was held at the offices of Chelsea, which was insuring the title of the premises. At the settlement, the real estate, but not the liquor license, was transferred to Pileggi. Since the liquor license was not transferred, Pileggi and Luigi's entered into an escrow agreement. Pursuant thereto, Pileggi delivered $50,000.00 to Chelsea, as escrow agent, to hold pending the transfer of the liquor license.

The escrow agreement dated January 16, 1979 entered into by Chelsea Title and Guaranty Co., Pileggi and Luigi's Restaurant Company, Inc. provided that Chelsea Title was to hold $50,000.00 in escrow

> pending transfer of liquor license of Luigi's Restaurant to Vincent Pileggi, Jr. and [the funds] are only to be released to Luigi's Restaurant Company, Inc. upon transfer of said license # 0102–33–430–001 persuent [sic] to agreement of sale dated Sept. 29, 1978 between Luigi's Restaurant and Vincent Pileggi, Jr. within 120 days from this date.[5]

The $50,000.00 placed in escrow were funds of Vincent Pileggi. The liquor license was not transferred to Mr. Pileggi, but on May 18, 1979, at the request of counsel for Luigi's Restaurant, Chelsea Title released $50,876.39 to Luigi's Restaurant Company, Inc. This was done without any notice to, or the knowledge of, Mr. Pileggi.

The propriety of Chelsea Title's conduct in releasing the funds to Luigi's Restaurant is to be determined by interpretation of the agreement of the parties. The intention of the parties is paramount, and the court must adopt an interpre-

---

5. The stated consideration that Chelsea Title and Guaranty Co. received for acting as escrow agent was $25.00.

tation which under all the circumstances ascribes the most reasonable, probable and natural intentions of the parties, considering the objects to be accomplished. *Village Beer and Beverage Co. v. Vernon D. Cox, Inc.*, 327 Pa.Super. 99, 475 A.2d 117 (1984).

The depositary under an escrow agreement is generally considered to be the agent of both parties, and the agent's authority must be strictly construed. *Paul v. Kennedy*, 376 Pa. 312, 102 A.2d 158 (1954). The escrow agreement under consideration was very specific that the sum of $50,000.00 placed in escrow was to be released to Luigi's Restaurant Company "upon transfer of said license # 0102–33–1430–001 persuent [sic] to agreement of sale dated Sept. 29, 1978 between Luigi's Restaurant and Vincent Pileggi, Jr. within 120 days from this date." Transfer of the liquor license from Luigi's to Vincent Pileggi did not occur, and the condition precedent to releasing the funds was not met. There was no evidence introduced to show that Chelsea Title & Guaranty Co. even attempted to ascertain if the transfer took place, and in any event it did not seek the approval of Mr. Pileggi before it released his funds to Luigi's Restaurant.

Appellant argues that it acted properly as Pileggi made no request to have the funds returned to him at the expiration of the 120 day period. However, this did not justify Chelsea Title turning the funds over to Luigi's Restaurant in the absence of Luigi's Restaurant transferring the liquor license to Mr. Pileggi. Appellant also argues that Pileggi represented to Mr. Samango that he was the owner of the liquor license. This does not alter the fact that he was not the owner, and in fact a basis of Samango's claim of fraud by Pileggi was that Pileggi represented that he was the owner of the license when in reality it was owned by Luigi's Restaurant Company, Inc.

The escrow agent was required to strictly comply with the terms of the agreement and it failed to do so. Accordingly the order of the court below is affirmed.