555 A.2d 216

**GARRETT ELECTRONICS CORPORATION**

**v.**

**KAMPEL ENTERPRISES, INC. and Larry J. Kampel, Jr.**

**v.**

**GINGRICH–STOUDT INSURANCE AGENCY, INC. and Hartford Accident and Indemnity Company.**

**Appeal of KAMPEL ENTERPRISES, INC. and Larry J. Kampel, Jr.**

Superior Court of Pennsylvania.

Argued Dec. 7, 1988.

Filed March 6, 1989.

Rees Griffiths, York, for appellants.

David L. Schwalm, Harrisburg, for Hartford, appellee.

Before WIEAND, OLSZEWSKI and TAMILIA, JJ.

WIEAND, Judge:

Garrett Electronics Corp. (Garrett), a lessee, commenced an action against its lessors, Larry J. Kampel, Jr. and Kampel Enterprises, Inc., to recover for property damaged and business losses sustained when the roof collapsed on the demised premises in which it conducted business. With Garrett's approval, Hartford Accident and Indemnity Company (Hartford), the lessee's insurance company, and Gingrich–Stoudt Insurance Agency, Inc., the lessee's insurance broker, were joined as additional defendants. Hartford filed preliminary objections to the defendants' complaint on grounds that the joinder was improper. The trial court sustained the preliminary objections and dismissed the complaint effecting joinder because the joinder was not permitted by Pa.R.C.P. 2252(a). The defendant-lessors appealed. We affirm.

Garrett had been insured pursuant to a comprehensive business policy which had been sold by Gingrich–Stoudt Insurance Agency [1] and issued by Hartford. After the roof collapsed, Garrett made a claim against Hartford for business interruption damages. Hartford denied the claim. Garrett, therefore, filed a separate action against Hartford and Gingrich–Stoudt. This action was settled without payment of any money by Hartford. It was after this settle-

---

1. Gingrich–Stoudt Insurance Agency, Inc. is not involved in the present appeal.

ment that the attempt was made to join Hartford as an additional defendant in Garrett's action against its lessor.

The right to join additional defendants is governed by Pa.R.C.P. 2252(a), which provides:

> In any action the defendant or any additional defendant may, as the joining party, join as an additional defendant any person whether or not a party to the action who may be alone liable or liable over to him on the cause of action declared upon by the plaintiff or jointly or severally liable thereon with him, or who may be liable to the joining party on any cause of action which he may have against the joined party arising out of the transaction or occurrence or series of transactions or occurrences upon which the plaintiff's cause of action is based.

This rule is to be broadly construed to effectuate its purpose of avoiding multiple lawsuits by settling in one action all claims arising out of the transaction or occurrence on which plaintiff's cause of action is based. *Samango v. Pileggi,* 363 Pa.Super. 423, 428, 526 A.2d 417, 420 (1987). However, "[j]oinder is permitted only so long as the additional defendant's alleged liability is related to the claim which the plaintiff asserts against the original defendant." *DiLauro v. One Bala Avenue Associates,* 357 Pa.Super. 209, 219, 515 A.2d 939, 945 (1986). Although joinder on the grounds of sole or joint liability must still be based "on the cause of action declared upon by the plaintiff," this phrase has been broadly construed to mean the harm of which the plaintiff complains. See: 8 Goodrich–Amram 2d §§ 2252(a):5–8. An additional defendant may also be joined if it is alleged that he is liable to the joining party on any cause of action "arising out of the transaction or occurrence or series of transactions or occurrences upon which the plaintiff's cause of action is based." Pa.R.C.P. 2252(a). See: *Free v. Lebowitz,* 463 Pa. 387, 344 A.2d 886 (1975).

■ In the instant case, the defendant-lessors, by joining Hartford as an additional defendant, sought to have the plaintiff-lessee litigate a separate cause of action against its insurance company. The plaintiff-lessee's action against its

lessors had been based upon alleged negligence in the maintenance of the demised premises. The defendant-lessors sought to force the plaintiff to litigate in the same action the insurance coverage issue. This issue depends on the terms of the insurance policy written by the additional defendant insurer. The maintenance of the premises by the landlord and the coverage purchased by the lessee from its insurance company are distinct transactions. The evidence which will establish the lessors' duty to their tenant is separate and distinct from the evidence which will determine the type of coverage provided to the lessee by its insurer. In such a situation joinder is inappropriate. See: *Stokes v. Loyal Order of Moose Lodge # 696*, 502 Pa. 460, 466 A.2d 1341 (1983); *Austin J. Richards, Inc. v. McClafferty*, 371 Pa.Super. 269, 538 A.2d 11 (1988); *Samango v. Pileggi, supra.*

■ We reject the lessors' contention that they are joint tortfeasors with Hartford in causing plaintiff's loss. "When the acts of two or more wrongdoers are severable as to time, the wrongdoers have no opportunity to guard against [each] other's acts, and each of the wrongdoers breaches a different duty owed to the injured plaintiff, they are not joint tortfeasors." *Pratt v. Stein*, 298 Pa.Super. 92, 150, 444 A.2d 674, 704 (1982), citing *Lasprogata v. Qualls*, 263 Pa.Super. 174, 179, 397 A.2d 803, 805 (1979). See also: *Klotz v. Superior Elec. Products Corp.*, 498 F.Supp. 1099 (E.D.Pa.1980); *Voyles v. Corwin*, 295 Pa.Super. 126, 441 A.2d 381 (1982). The duty which Hartford is alleged to have breached is different, not only in kind but also in time, from the duty which the defendant-lessors are alleged to have breached. The lessors and the lessee's insurance company were not jointly liable on the cause of action alleged by the plaintiff-lessee. Neither did such liabilities arise from the same transaction or occurrence. Therefore, the trial court properly dismissed the joinder.

Order affirmed.