## Caldararo v. Jameson Memorial Hospital

*Darnell L. Kadunce,* for plaintiff.
*Donald W. Bebenek,* for defendant.

PRATT, *J.*, November 6, 1989 — Plaintiffs' have presented preliminary objections in the nature of a motion to strike defendants' new matter by which defendants Jameson Memorial Hospital and Dr. Yumang have joined Annabelle Caldararo, one of the plaintiffs, as an additional defendant.

This action arose out of an automobile accident on March 15, 1987, in which plaintiff, Nicholas Caldararo, sustained physical injuries for which he was taken to Jameson Memorial Hospital for medical treatment. Plaintiffs filed this action alleging that the negligence of the hospital and several doctors caused him additional physical injury and damage to his vocal cords and larynx. Defendants Jameson Memorial Hospital and Dr. Yumang filed new matter joining plaintiff, Annabelle Caldararo, the wife of plaintiff Nicholas S. Caldararo and operator of the vehicle in this action, as an additional defendant. Plaintiffs timely filed preliminary objections in the nature of a motion to strike.

This court sustained plaintiffs' preliminary objections on September 18, 1989 and ordered paragraphs 1, 2 and 3 of the new matter filed by defendants Jameson Memorial Hospital and Dr. Yumang stricken. This opinion is provided to comply with Pa.R.A.P. 1925(a), 42 Pa.C.S.

## DISCUSSION

Plaintiffs, in their preliminary objections in the nature of a motion to strike and accompanying brief, contend that the alleged negligence of the defendants is based on a separate and distinct series of actions and occurrences in which the additional defendant, Annabelle Caldararo, was not involved. Therefore, they contend that the new matter fails to conform to law or rule of court, specifically Pa.R.C.P.

2252(a). Defendants Jameson Memorial Hospital and Dr. Yumang assert in their answer to preliminary objections and accompanying brief that the new matter is proper under the Pennsylvania Rules of Civil Procedure and that joinder is proper for apportionment purposes.

Thus, the sole issue raised by the parties and which must be decided is whether the additional defendant, Annabelle Caldararo, was properly joined as an additional defendant under Pa.R.C.P. 2252(a).

Pa.R.C.P. 2252(a) provides:

"(a) In any action the defendant or any additional defendant may, as the joining party, join as an additional defendant any person whether or not a party to the action who may be alone liable or liable over to him on the cause of action *declared upon by the plaintiff* or jointly or severally liable to the joining party arising out of the *transaction or occurrence or series of transactions or occurrences upon which the plaintiff's cause of action is based.*" Pa.R.C.P. 2252(a); 42 Pa.C.S. (emphasis supplied)

Under Pa.R.C.P. 2252(a), the cause of action against the additional defendant must arise out of the same transaction or occurrence or series of transactions or occurrences. *Upper Makefield Township v. Benjamin Franklin Fed. S & L Assoc.,* 271 Pa. Super. 399, 413 A.2d 726 (1979).

The phrase "cause of action declared upon by the plaintiff" is construed to require that the two causes of action be related in substance to the complaint pleaded by the plaintiff and arise out of the same factual background. *Schladensky v. Ellis,* 442 Pa. 471, 275 A.2d 663 (1971); *American Metal Fabricators Co. v. Goldman,* 227 Pa. Super. 284, 323 A.2d 891 (1974). When the original defendant attempts to bring in an additional defendant, the cause of action against the additional defendant must be the

same cause of action brought by the plaintiff against the original defendant. *Land Title Bank & Trust Co. v. Cheltenham National Bank et al.,* 362 Pa. 30, 66 A.2d 768 (1949); *Nester v. Elicker,* 57 D.&C. 2d 674 (1972). "Joinder is permitted only so long as the additional defendant's alleged liability is related to the claim which the plaintiff asserts against original defendant." *DiLauro v. One Bala Avenue Assoc.,* 357 Pa. Super. 209, 219, 515 A.2d 939, 945 (1986); see also, *Samango v. Pileggi,* 363 Pa. Super. 423, 526 A.2d 417 (1987).

Joinder must be supported by the liability theories enunciated in rule 2252(a), namely, "sole liability," "joint liability" or "liability over." *Nester v. Elicker, supra.*

It is well established in Pennsylvania that a tort-feasor who originally caused an injury and a physician who subsequently aggravates or causes a new injury are *not* joint tort-feasors. *Buttermore v. Aliquippa Hospital,* 368 Pa. Super. 49, 533 A.2d 481 (1987); *Voyles v. Corwin,* 295 Pa. Super. 126, 441 A.2d 381 (1982); *Lasprogata v. Qualls,* 263 Pa. Super. 174, 397 A.2d 803 (1979). The Superior Court cases of *Lasprogata* and *Voyles* are strikingly similar to the case presently before us.

In *Lasprogata,* the plaintiff, who had been injured in an automobile accident, brought an action against the other driver alleging negligence. The case was resolved and concluded with the signing of a general release. The plaintiff subsequently brought an action against various medical providers as a result of alleged improper medical treatment of the injuries he sustained in the accident. One of the medical care providers joined the negligent driver, the defendant in the first cause of action, on the basis that the injuries to the plaintiff were proximately and solely caused by the driver's negligence

and, alternatively, that the negligent driver was jointly liable for contribution. The negligent driver, the additional defendant in the second action, moved for summary judgment based on the release he executed with the plaintiff in the first case. Summary judgment was granted by the lower court and affirmed by the Superior Court. *Lasprogata v. Qualls, supra.*

The court in *Lasprogata* specifically held that the original tort-feasor, the negligent driver and defendant in the first action, and the medical provider were not joint tort-feasors. The court found that "[t]he acts of the original wrongdoer and the negligent physician are severable as to time, neither having the opportunity to guard against the other's acts, and each breaching a different duty owed to the injured plaintiff." *Lasprogata v. Qualls, supra,* at 179, 397 A.2d at 805.

In dealing with the signed general release by the plaintiff in favor of the negligent driver, the court in *Lasprogata* ruled that the crucial issue was whether the release was intended as a release of all parties and in full compensation of the plaintiff's entire claim. *Lasprogata v. Qualls, supra.* Since the release expressly named only the defendant, the negligent driver, and the consideration for the release covered only those damages suffered by the plaintiff as a result of the negligent driver's negligence, the court found that only the negligent driver was released. *Lasprogata, supra.* The court went on to state that " . . . the facts of this case support the principle which holds that plaintiff's damages resulting from the doctor's negligence remain apportionable. In the suit against the doctor, [the plaintiff] will be restricted to the proof of damages

directly resulting from the physician's actions, thus preventing double recovery." *Lasprogata* at 182, 397 A.2d at 807.

In *Voyles,* plaintiff was injured in a motorcycle accident and settled his claim against the driver of the automobile which struck him, by way of a signed release. Plaintiff then brought two separate actions against two doctors for alleged negligent medical treatment which resulted in amputation of his left leg. In both actions, the doctors joined the automobile driver as an additional defendant, who moved for summary judgment. The trial court granted the motion and the Superior Court affirmed. *Voyles v. Corwin, supra.*

The appellate court in *Voyles* relied heavily on the holding in *Lasprogata v. Qualls* for support of its ruling. The court further stated:

"When one considers these factors here, it becomes apparent that Walker [the driver] is not a joint tort-feasor with the several physicians. Walker's duty to Voyles was not the same as the physician's duty. The same evidence cannot support an action against both Walker and the physicians. In proving the physicians' liability, Voyles will have to prove that they failed to exercise due care in treating him. This proof can have nothing to do with whether Walker was driving properly. Similarly, in proving damages, Voyles will have to prove that his condition is worse than it would have been had the physicians exercised due care in treating him. It may be, as the physicians suggest, that the loss of Voyles's leg was an unavoidable consequence of the harm Walker did him no matter what the physicians did or should have done. Should a jury so find, the physicians would not be liable to Voyles. It may also be that proper medical care would have resulted in Voyles' ultimate injuries not being so severe. Should

a jury so find, the physicians would be liable to Voyles for that portion — but only that portion — of Voyles' injuries attributable to their negligence." *Voyles* at 131, 441 A.2d at 383.

In the case before us, the alleged acts of negligence of additional defendant Annabelle Caldararo and defendants Jameson Memorial Hospital and Dr. Yumang were separate, distinct and identifiable occurrences. Defendants and Annabelle Caldararo owed different duties to plaintiff Nicholas S. Caldararo, and the proof required to prove their negligence is distinguishable. Plaintiffs' complaint asserts that negligent conduct by the hospital and physicians resulted in aggravated and new injuries. Plaintiff Nicholas S. Caldararo settled his claims against plaintiff Annabelle Caldararo as the driver of the vehicle in which plaintiff Nicholas S. Caldararo was a passenger. He signed a release releasing only Annabelle Caldararo from all liability for any negligence on her part in driving the automobile.

Under these circumstances, and in accordance with *Lasprogata* and *Voyles,* we find the joinder of plaintiff Annabelle Caldararo as an additional defendant in this case improper under Pa.R.C.P. 2252(a). We reach this conclusion because any cause of action against Annabelle Caldararo does not arise out of a series of transactions or occurrences upon which the plaintiffs' cause of action is based and because the release shields her from any type of liability in this case.

The case relied on by defendants, *Embrey v. Borough of West Mifflin,* 257 Pa. Super. 168, 390 A.2d 765 (1978), is of no moment here. Our review of this case leads us to the conclusion that *Embrey* merely stands for the proposition that, where both the original driver and hospital are sued for injuries resulting from an accident and subsequent treat-

ment, the jury, if its so finds, may apportion the damages among defendants, rather than simply finding all defendants jointly liable for all damages. *Embrey v. Borough of West Mifflin, supra.*

For the foregoing reasons, we find that the joinder of Annabelle Caldararo as an additional defendant failed to comply with Pa.R.C.P. 2252(a) and, thus, Annabelle Caldararo is not a proper party as an additional defendant in this case. Therefore, we will sustain plaintiffs' preliminary objections to defendants' new matter and order paragraphs 1, 2 and 3 of defendants Jameson Memorial Hospital's and Dr. Yumang's new matter stricken.

## ORDER OF COURT

Now, November 6, 1989, in accordance with Pa.R.A.P. 1925(a), 42 Pa.C.S., the prothonotary is directed to file of record the attached opinion.