**West v. Gustafson (No. 1)**

*Bruce Bernard,* for plaintiff West.
*John F. Mizner,* for plaintiff Latone.
*Joanna Budde,* for defendant.

MILLIN, *P.J.,* August 17, 1995—Before the court for determination is the defendant's motion for partial judgment on the pleadings. This action arises out of an automobile accident which occurred in Warren on December 19, 1992. The plaintiffs seek to recover for injuries which they allege were caused by the negligence of the defendant in failing to stop at a stop sign and failing to yield the right-of-way. In the defendant's answer and new matter, the defendant denies that she was negligent and further alleges that all or some of the plaintiffs' claims were barred and/or diminished

by virtue of the provisions of Pennsylvania's Motor Vehicle Financial Responsibility Law, 75 Pa.C.S. §1701 et seq., because the defendant alleges that the plaintiffs had elected the limited tort option and had not sustained a "serious injury" which would entitle them to recover damages. The plaintiffs, in their answer to new matter, allege that they are not bound by the limited tort option, claiming that the election which they admit exists was ineffective because the insurance carrier failed to comply with the requirements of the MVFRL. Specifically, plaintiffs state:

"(a) The limited tort election signed by plaintiff Latone at the time of his application . . . does not comply with the requirements of . . . 75 Pa.C.S. §1705(a)(4) in that said (election) does not contain the mandatory language required by section 1705(a)(1) with respect to premium cost disclosures;

"(b) Said election form is invalid because it is not dated;

"(c) Plaintiff Latone's insurance carrier failed to provide notice required by 75 Pa.C.S. §1791;

"(d) Alternatively, said notice is invalid because it is not in bold print of at least 10-point type;

"(e) The invoice (received by plaintiff Latone) does not contain language in at least 10-point type required by 75 Pa.C.S. §1791.1;

"(f) At the time of application, plaintiff Latone's insurance carrier did not provide the notice of tort option required by 75 Pa.C.S. §1791.1(b); and

"(g) Because plaintiff Latone had recently moved from New York to Pennsylvania at the time of his application for coverage, he had no knowledge of 'limited'

and 'full' tort and relied upon his insurance agent, Burns & Burns Associates, to provide the proper notices, disclosures and explanations, which they failed to do; therefore, any election of the limited tort option by Philip Scott Latone was neither knowing, intelligent nor in compliance with law."

The defendant argues that the plaintiffs' allegations pertaining to the election of limited tort are an attempt to reform their insurance contract without either the insurance agents or the insurance companies being named as parties to the lawsuit. Defendant claims that any ruling on the limited tort option would directly affect the duties and obligations of the insurance company and the insurance agents, and that this cannot be done without naming them as parties in the lawsuit. Defendant further argues that the insurance agent and insurance companies cannot be joined as additional parties in the lawsuit because of Pa.R.C.P. 2229(b) which states:

"The plaintiff may join as defendants persons against whom he asserts any right to relief jointly, severally, separately, or in the alternative, *in respect of or arising out of the same transaction, occurrence or series of transactions or occurrences* if any question of law or fact affecting liability of all such persons will arise in the action." (emphasis added)

The defendant argues that Pa.R.C.P. 2229(b) is analogous to Pa.R.C.P. 2252(a) governing joinder of additional defendants and argues, based on cases interpreting Rule 2252(a), that the plaintiffs may not join the insurance company and insurance agent because the matter for which they would be suing the insurance company

and agent is not "in respect of or arising out of the same transaction, occurrence or series of transactions or occurrences" as the suit against the defendant.

Plaintiffs argue that the matter of the validity of the limited tort option election may be determined within the confines of the case without affecting the rights and/or liabilities of the insurance agent and company. Plaintiffs cite to the court *Kuma v. Carly v. Soderholm,* 73 Wash. Co. Rep. 72 (1992), in which Judge Gilmore ruled in a similar situation:

"While it may be true that the burden in [sic] on the plaintiff to prove an invalid waiver, assuming that the defendant can show prima facie evidence of the existence of the limited tort option, its validity must be determined within the confines of this case. The court does not believe that this would or should be a matter to be tried in front of the jury but at some type of pre-trial hearing."

The parties agree that there are no appellate court decisions on this question but made the court aware that there are a number of cases pending in the Superior Court which deal specifically with the question of when and how the issue of the validity of a limited tort election may be determined. Without such appellate court guidance, this court must decide what mechanism will afford the parties an opportunity to fairly litigate the issue and which will best serve judicial economy.

Clearly, the issue cannot be decided by the court upon the defendant's motion for partial judgment on the pleadings. In considering the motion for judgment on the pleadings, the court may consider only the pleadings and any exhibits that are properly attached. *Rice*

*v. Rice,* 468 Pa. 1, 359 A.2d 782 (1976). In considering the motion the court must consider the pleadings and the inferences in the light most favorable to the party opposing the motion. *Keil v. Good,* 467 Pa. 317, 356 A.2d 768 (1976). The basic premise upon which the defendant's proposition relies is that the issue of the validity of the limited tort election may not be determined without the joinder of the insurance company and its agent. Certainly if that proposition were true, a separate action would be required for all of the reasons set forth in *Stokes v. Loyal Order of Moose Lodge No. 696,* 502 Pa. 460, 466 A.2d 1341 (1983) and *Garrett Electronics v. Kampel Enterprises Inc.,* 382 Pa. Super. 352, 555 A.2d 216 (1989). This court, however, finds that the logic of Judge Gilmore in *Kuma, supra,* is more compelling. The court may decide the issue of whether a limited tort option was elected at a pre-trial proceeding. The issue has been properly joined by the defendant's new matter and the plaintiffs' reply. The parties here have not argued that the issue is such that a jury trial would be guaranteed by the constitution; and the court finds that there are many reasons why the matter should not be submitted to a jury, not the least of which is the highly prejudicial issue of insurance coverage. Unless there would be an unusual factual dispute, the court could determine the issue much as the court does probable cause in a malicious prosecution suit.

"It has been immemorially held that the public interest requires that the legally trained mind of the judge, and not the more or less emotional minds of jurors, decide whether or not there was probable cause for the initiation of the prosecution." *DeSalle v. Penn Central Trans-*

440

▅▅▅▅▅▅ ▅▅▅▅

*portation Co.,* 263 Pa. Super. 485, 491, 398 A.2d 680, 683 (1979), citing *Simpson v. Montgomery Ward & Co.,* 354 Pa. 87, 92, 46 A.2d 674, 676 (1946).

This determination would, of course, be made pre-trial, outside the hearing of the jury.

For the foregoing reasons the court enters the following order:

### ORDER

And now, August 17, 1995, the defendant's motion for partial judgment on the pleadings is denied. The issue of the validity of the "limited tort option election" shall be decided by the court at a hearing to be scheduled upon request of either party.