Larry MORRIS, et al., Plaintiffs,

v.

Dan LENIHAN, et al.,
Defendants/Third–
Party, Plaintiffs,

v.

Fred Niedrist, et al., Third–
Party Defendants.

No. CIV. A. 96–7590.

United States District Court,
E.D. Pennsylvania.

July 28, 2000.

Lee D. Rockafellow, Morrisville, PA, for plaintiffs.

Robert G. Hanna, Jr., Harrisburg, PA, for defendants.

## MEMORANDUM

LOWELL A. REED, Jr., Senior District Judge.

Larry Morris and his parents have sued the Bristol Township Municipal Government and two of its police officers (collectively, the "Bristol defendants") pursuant to 42 U.S.C. § 1983, alleging that the police officers violated the constitutional rights of Larry Morris by failing to secure medical care for him after he was beaten by four young assailants. The Bristol defendants brought a third-party complaint against the assailants and their parents, alleging negligence in their supervision of the assailants, and a counterclaim against the parents of Larry Morris, also alleging negligence.

In a decision issued on May 2, 2000 (Document No. 57), this Court ruled that it had no jurisdiction over the third-party complaint against the parents of the assailants, because, in view of the claims made in the third-party complaint, there was no possible basis for the parents of the assailants to be liable to the Bristol defendants. *See Morris v. Lenihan,* 192 F.R.D. 484 (E.D.Pa.2000).

In a subsequent scheduling conference with the parties, the Court observed that the logic of the May 2 decision might apply with equal force to the Bristol defendants' counterclaim against the parents of Larry

Morris, which alleges negligence on the part of the parents for failing to supervise Larry Morris and neglecting to treat his injuries. The Court suggested that plaintiffs' counsel consider the appropriateness of a dispositive motion as to the counterclaim against the parents, in light of the May 2 decision.

Plaintiffs have filed a dispositive motion, but it is rather perplexing. The motion completely ignores the May 2 decision and disregards the discussion in the pretrial conference. Instead, the motion is based on plaintiffs' fundamental misreading of the counterclaim. The parents of Larry Morris argue that the counterclaim against them should be dismissed because they are not state actors, and a § 1983 claim cannot be stated against non-state actors. This point would be a valid one ... if the Bristol defendants had indeed alleged a § 1983 claim against plaintiffs. The basis of the Bristol defendants' counterclaim against the parents of Larry Morris however, is not a constitutional violation, but simple negligence under the laws of Pennsylvania. (Amended Answer of Defendants with Affirmative Defenses and Counterclaim, Document No. 17, at p. 8). Of course, negligence may be asserted against a person who is not a state actor, and therefore plaintiffs' contention is without merit.

Despite the shortcomings of plaintiffs' motion, the Court cannot ignore the issue raised during the scheduling conference; that is, whether the reasoning of the May 2 decision mandates the dismissal of the Bristol defendants' counterclaim against the parents of Larry Morris. In its May 2 decision, this Court ruled that the parents of the assailants could not be liable under the claims asserted by the Bristol defendants. The same is true of the Bristol defendants' counterclaim against the parents of Larry Morris; the Bristol defendants allege they are entitled to "contribution and/or indemnification" by the parents of Larry Morris, however, there is no basis for indemnity or contribution here.

The Bristol defendants may only establish their entitlement to indemnity by showing that they are secondarily liable for the parents' conduct, and that their liability arises only out of a legal relationship with the parents. *See Morris*, 192 F.R.D. at 489 (offering examples of relationships giving rise to indemnity, such as employer-employee, retailer-wholesaler, etc.) (citations omitted). There is simply no legal relationship between the parents of Larry Morris and the Bristol defendants, and the Bristol defendants are not alleged to be liable to Larry Morris only because of the operation of law. *See id.* Rather, the Briston defendants' potential liability arises out of their own independent acts or omissions in which the parents of Larry Morris took no part. Thus, under no set of facts consistent with the counterclaim could the parents of Larry Morris be required to indemnify the Bristol defendants. *See id.*

Similarly, there is no basis for contribution, because the Bristol defendants and the parents of Larry Morris are not joint tortfeasors. *See id.* at 490 (citing 42 Pa.C.S.A. §§ 8321–27). As in case with the Bristol defendants' third-party complaint against the parents of the assailants, the factors necessary to establish joint and several liability are not present in the counterclaim: the causes of action against the Bristol defendants and the parents of Larry Morris are dissimilar; the evidence necessary to establish the liability of the parents and the Bristol defendants is different; and the alleged malfeasance of the parents and the Bristol defendants took place at different times. *See id.* (citing *Smith v. Pulcinella*, 440 Pa.Super. 525, 528–29, 656 A.2d 494 (1995)). Thus, the Bristol defendants cannot successfully claim that they are entitled to contribution from the parents of Larry Morris.

Even if the parents of Larry Morris were negligent in failing to supervise him or care for his injuries, they could be found liable only to Larry Morris, not to

the Bristol Township Police Department. Because there is no basis for the parents' liability to the Bristol defendants, the counterclaim fails to state a claim upon which relief may be granted, and thus, under Rule 12(b)(6) of the Federal Rules of Civil Procedure, the counterclaim of the Bristol defendants against parents of Larry Morris the must be dismissed.[1] Furthermore, because there is no basis for liability between the parents of Larry Morris and the Bristol defendants, this Court may not exercise jurisdiction over the counterclaim. *See Morris,* 192 F.R.D. at 492.

---

**1.** This Court could, as an alternative to resolving this issue today, wait and consider dismissing the counterclaim at the appropriate procedural stage during the trial. However, allowing the issue to remain would compli-cate trial preparation, opening statements, and other requirements. Resolving the issue now will simplify trial preparation and management.